FREDERICK S. NOCK *vs.* DEMAREST LLOYD.

MAY 24, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)     *Evidence. Sales. Work and Labor.*

While a party may show by expert testimony the defects existing in the work sued for, and the cost of remedying those defects, he cannot show general repairs made by him upon the article some time after it had been delivered to him by plaintiff and the price of such repairs.

(2)     *Evidence. Sales.*

A bill rendered to one party to a suit by a third party does not prove itself or prove that the work therein referred to was done or necessary to be done or that the amount of material charged for was used upon that job or that the prices charged for the same were proper and reasonable.

(3)     *Evidence.*

In an action for work and labor, defendant who has set up in recoupment certain expenses incurred by reason of alleged defective work by plaintiff, cannot inquire of a witness who has not been shown to be an expert in plumbing or cost of repairs thereto; what it cost to have the work repaired.

(4) *Work and Labor. Acceptance of Work.*

Where defendant took his boat away without waiting to signify approval or disapproval of the work done and materials furnished upon it by plaintiff, and it also appeared that the agent of defendant was about the boat during the time it was being repaired and had an opportunity to report upon the work before defendant sailed, the court properly charged the jury that they should consider whether or not defendant by his conduct did apparently accept the work.

ASSUMPSIT. Heard on exceptions of defendant, and over-ruled.

DUBOIS, C. J. This is an action of assumpsit brought in the Superior Court in the county of Kent to recover for labor and materials furnished by the plaintiff in overhauling and repairing the defendant's boat. In the course of the trial the defendant took certain exceptions, and after verdict for the plaintiff the defendant made a motion for a new trial which was denied by the justice presiding in the Superior Court, to which denial the defendant also took exception. The case is now before this court upon defendant's bill of exceptions, but by agreement of counsel the only exceptions to be considered are those numbered nine, ten, eleven, twelve, thirteen, and fourteen.

The ninth exception was taken to a ruling of the justice presiding at the trial refusing to permit a certain bill for repairs to be introduced in evidence. The ruling to which exception was taken was made while the defendant was testifying in his own behalf. The defendant had just answered the following question: "How many coats of paint did you have put on at Marblehead? A. Two coats." This was followed by this question: "I'll ask you what the amount of the bill was for putting on those two coats?" To this question objection was made: "MR. HUDDY: That, I submit, is entirely improper. MR. PHILLIPS: Well, we will have the bill. MR. HUDDY: I object to the bill. MR. PHILLIPS: This is a copy of the bill. I'll ask you whether you have the original bill, Mr. Lloyd? Witness: I have. No, not the original bill, I have a re-ceipted bill that covers that. I haven't got the original bill. 131 Q. How did you get this receipted bill? A. By paying

the bill. 132. Q. Well, how did you get this particular one? A. Oh, that bill—we had that made out from Stern & McKay —itemized. 133 Q. Is that a copy of the original bill? A. That is a copy, yes. MR. HUDDY: I object to any questions in reference to this bill for repainting. It has no bearing whatever, and is not a proper way of proving this." After some discussion the court said: "There is not the slightest expert testimony to show that the defects which you complain of made it necessary to go to this expense. Whether it was all necessary as a matter of fact or whether it became necessary in order to keep the boat in the particular way he desired it." To which counsel for defendant replied: "We have brought in testimony to show how the boat was used since it was painted." The court then stated: "You may show by expert testimony the conditions of the boat, and the defects which existed in the work and what it would cost to remedy those defects. If you have experts here, that is the most specific way to get at it.

(1) General repairs of that kind on a boat some time afterwards and the price of them could not be admissible and has no bearing on the question of remedying the defects. MR. PHILLIPS: Well, I have shown the facts by this man's own testimony that there was no reason why this paint should have begun to peel the way it did or look streaky and whether the waterline—THE COURT: The only expert testimony here is that it is something which happens some times. MR. PHILLIPS: The testimony was in very few cases—THE COURT: You brought that out in cross examination. I will sustain the objection to the question. (Defendant's exception noted.)"

The ruling of the court was clearly correct not only for the

(2) reasons given but because a bill rendered to one party to a suit by a third party does not prove itself or prove that the work therein referred to was done or necessary to be done or that the amount of material charged for was used upon that job or that the prices charged for the same were proper and reasonable. The exception is therefore overruled.

The tenth exception is based upon a ruling refusing to permit

(3) the following question to be asked of Arthur Cheeney, a witness

for the defendant: "152 Q. Now, I would like to ask the question again, what it cost to have it repaired?" The witness was the sailing master for the defendant, and there was no evidence that he was an expert in the matter of plumbing or cost of repairs thereto which was the subject matter of the inquiry and the exception is therefore untenable.

The eleventh exception is based upon the following portion of the charge of the justice presiding at the trial: "You will remember that according to the testimony the boat was the next morning after the defendant arrived in town taken away. That matter has been called to your attention. I will charge you as to the law governing the acceptance of the work. If you are sold an article and that article is not as represented it would be, it would be your duty to return that article in a reasonable time, rather than to keep it a long time and, finally, when suit was brought against you, complain that the article sold you was not such an article as you agreed to buy, such an article as was represented to you. That may apply to certain items of the bill, certain articles which were delivered which could be returned. Of course, the labor which was expended on this boat could not be returned as such, and the varnish and paint could not be taken and handed over bodily to the plaintiff. It is a physical impossibility. But, if you have work of this nature done and you accept the work, in other words, by your conduct you tacitly agree that the work is all right, you cannot, at some later date, when a man would like to have his pay for the labor, complain that the work which you once accepted.was not all right, or not proper work and labor furnished to you.

"That is one question for you to take into consideration, whether or not the defendant, by his conduct, did apparently accept the work—not whether he took the boat and went away with it,—it is admitted that he did have the boat and went away with it,—but whether or not the work was acceptable to him at that time." To which exception was taken by counsel for defendant, as follows: "MR. TILLINGHAST: I would like an exception to so much of Your Honor's charge as dealt with

an inference that may be drawn against the defendant by reason of any tacit acceptance of the work. Defendant's exception noted." This portion of the charge when carefully considered does not appear to be objectionable. The defendant took the boat away early in the morning after his arrival without waiting to signify his approval or disapproval of the work done and materials furnished by the plaintiff upon this boat. It also appears that the sailing master of the defendant was upon or about the boat during the time that the same was being repaired by the plaintiff, and had an opportunity to make a report, favorable or unfavorable, as the case might be, to his employer before they sailed away in the morning. It was a circumstance for the jury to consider, and we do not find that the court unduly emphasized it. The exception is without merit and is, therefore, overruled.

The twelfth, thirteenth and fourteenth exceptions relate to the refusal of the court to grant the defendant's motion for a new trial upon the grounds that the verdict is against the law and the evidence and that the damages awarded are excessive. These exceptions must be overruled. The evidence was conflicting and therefore clearly within the province of the jury. It was for them to say who, what and how much was worthy of belief. The verdict is not against the law, and we cannot say that the damages are so large as to warrant the assumption that the jury were swayed by passion, prejudice or some other improper motive in assessing the same. Moreover, the verdict has been approved by the justice who presided at the trial. In these circumstances the rule referred to in the case of *Wilcox* v. *The Rhode Island Company*, 29 R. I. 292, should be allowed to operate.

The defendant's exceptions are therefore overruled, and the case is remitted to the Superior Court within and for the county of Kent, with direction to enter judgment on the verdict.

*Mumford, Huddy & Emerson, George H. Huddy, Jr.*, for plaintiff.

*Green, Hinckley & Allen*, for defendant.

*Frederick W. Tillinghast*, of counsel.