ISADORE KRASNOFF *vs.* MARSHALL FLYNN.

DECEMBER 30, 1963.

PRESENT: Condon, C. J., Powers and Joslin, JJ.

CONDON, C. J.  This is an action of trespass on the case for negligence which was tried to a justice of the superior court without a jury and resulted in a decision for the plaintiff. The case is here on the defendant's bill of exceptions to such decision and to a ruling admitting a certain exhibit proffered by the plaintiff in proof of damages to his car as a result of the defendant's negligent operation of his car.

The plaintiff's cause of action arose out of an automobile accident at the intersection of Bucklin and Burnett streets in the city of Providence on June 2, 1960 at about 10 p.m. Bucklin street runs generally north and south and Burnett street east and west.  There is a stop sign for traffic on Burnett street at its intersection with Bucklin.  On the night in question it had been raining and the streets were wet.  The plaintiff was driving south on Bucklin street and defendant was driving easterly on Burnett street.  As plaintiff approached the intersection at a speed of about 20 miles per hour he observed defendant's car.  After he was in the intersection he realized that defendant was not going to stop at the sign.  The plaintiff thereupon stopped his car, but it was too late to avoid a collision.

It appears from the testimony of defendant that he attempted to stop at the sign, but his brakes failed causing his car to continue into the intersection and strike plaintiff's car.  It further appears from his testimony that he had trouble that morning with his brakes and had added brake fluid to the master brake cylinder, but had done nothing more about it.

On this evidence the trial justice found that defendant's negligence in operating his car in the circumstances was the proximate cause of the accident.  From our examination of the transcript we find nothing that would justify our holding that his decision on this point is clearly wrong.  However, defendant contends that such decision as to the damages is erroneous as there was no legal evidence that the

repairs to plaintiff's car were necessary and reasonable. This contention involves consideration of defendant's exception to the ruling admitting plaintiff's exhibit in proof of such repairs.

The plaintiff called as an expert witness a qualified automobile damage appraiser to testify to the damage to the car and the cost of the repairs thereto. Without objection he was allowed to testify and in the course of his examination he identified a repair bill on which were itemized in detail the repairs to plaintiff's car and the cost of each item. After his testimony and over defendant's objection, the trial justice admitted the repair bill into evidence. At the trial defendant objected to the exhibit on the ground that it did not prove the necessity and reasonableness of the repairs. He did not contend that it was incompetent or that it was either irrelevant or immaterial. Now, however, if we understand him correctly, he does claim that the exhibit was both incompetent and irrelevant and therefore inadmissible. In support of such contention he relies upon *Nock* v. *Lloyd*, 32 R. I. 313, *Rossilli* v. *Iacovelli*, 88 R. I. 456, and *Gray* v. *Kagan*, 90 R. I. 398.

If the plaintiff in the instant case had sought to prove the repairs merely by offering the bill as was attempted in *Nock*, there would be merit in the defendant's contention, but that was clearly not the situation presented to the trial justice. He apparently considered that the testimony of the expert witness took the case out of the orbit of our holding in *Nock*. We reiterated in *Rossilli* and *Gray* what we had said in *Nock* that a bill for repairs unsupported by testimony could not prove itself. We adhere to that view, but in the circumstances here we think that the trial justice was not bound by the ruling in those cases and therefore did not err in overruling the defendant's objection. With this evidence before him we cannot say that his decision on the damages was clearly wrong.

The defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Robert C. Hogan,* for plaintiff.

*Ralph Rotondo,* for defendant.