286 A.2d 591.

Michael DiBattista *et ux. vs.* Marie T. Lincoln.

JANUARY 24, 1972.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. A husband and wife brought this civil action in the Superior Court to recover for injuries sustained in an automobile collision. A jury returned a verdict of $1,023.84 for the husband and of $457.92 for the wife and thereafter the trial justice granted the plaintiffs' motion for a new trial solely on the question of damages unless the defendant consented to an additur of $1,000 as to each claimant. The defendant refused to file the required consents to the additurs and appealed.

The duties of a trial justice considering a motion for a new trial on the ground of inadequacy of damages are well settled. He must in the exercise of his independent judgment weigh all of the material evidence on the question of damages and pass on the credibility of witnesses. After that evidence-sifting process is completed, a new trial on the question of damages will be in order if there is such a demonstrable disparity between the jury's award and the damages sustained by the plaintiff that the verdict is not truly responsive to the merits of the controversy and fails to do substantial justice between the parties. *Webbier* v. *Thoroughbred Racing Protective Bureau, Inc.*, 105 R. I. 605, 621, 254 A.2d 285, 294 (1969); *Handy* v. *Geary*, 105 R. I. 419, 437, 252 A.2d 435, 444-45 (1969); *Fitzgerald* v. *Rendene*, 98 R. I. 239, 201 A.2d 137 (1964).

The trial justice presiding in this case understood what was required of him when he considered plaintiffs' motion, and he did it. A reading of his bench decision makes that abundantly clear. Having concluded that the prerequisite disparity existed, the only option open to him under the rule was to grant plaintiffs a new trial on the question of damages unless defendant consented to the additurs. *Ruggieri* v. *Ventalume Window & Door Products, Inc.*, 108 R. I. 514, 277 A.2d 296 (1971). The defendant does not challenge those additurs on the ground of excessiveness, and she has not satisfied us that in the performance of his

duties the trial justice either overlooked or misconceived any material evidence, or was otherwise clearly wrong. In the circumstances, our only choice is to affirm.

The defendant's objection is overruled, and the case is remitted to the Superior Court for a new trial on damages only unless the defendant shall, within the period to be fixed by that court, consent to the additurs heretofore awarded by the trial justice.

*Carl B. Lisa, Almonte, Lisa & Pisano,* for plaintiffs.

*Francis V. Reynolds, Bernard W. Boyer,* for defendant.