304 A.2d 666.

LAWRENCE HAMRICK, *Administrator of the Estate of Aleen Hamrick vs.* YELLOW CAB COMPANY OF PROVIDENCE.

MAY 17, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

DORIS, J. This is an action of trespass on the case for negligence brought to recover damages for injuries alleged to have been sustained when the plaintiff's decedent, a pedestrian, was struck by the vehicle of the defendant which was being operated by the defendant's agent and servant on August 31, 1962. Prior to trial, an order was entered on March 30, 1972, substituting Lawrence Hamrick, administrator of the estate of Aleen Hamrick as party-plaintiff. The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff in the amount of $1500. The trial justice de-

nied the defendant's motion for a new trial, he granted the plaintiff's motion for an additur by ordering the defendant to agree to an additur of $1,000 within ten days or a new trial would be ordered on the question of damages only. The defendant did not agree to the additur. Judgment was entered on the verdict. The case is before us on the defendant's appeal from the judgment.

The appeal is based on defendant's objections to certain evidentiary rulings by the trial justice; to his refusal to charge the jury as requested; to the decision denying defendant's motion for a directed verdict; to the decision denying defendant's motion for a new trial and to the decision granting an additur of $1,000 or in the alternative a new trial on the question of damages only.

Lawrence Hamrick, the son and administrator of the deceased plaintiff testified that he visited her in the Rhode Island Hospital and that she was on crutches for a period of three weeks or more after her discharge from the hospital.

Arthur Carter, Jr. testified that he was accompanying Aleen Hamrick, plaintiff's decedent, that they were walking on Prairie Avenue in the city of Providence, that at the intersection of Blackstone Street and Prairie Avenue he and Aleen started to cross Prairie Avenue after looking both ways for oncoming traffic. He testified that he slowed down to allow a truck which was headed towards Providence to pass. He saw a car with blinding lights coming at a high rate of speed in a southerly direction. He grabbed Aleen by the arm and tried to pull her back to the curbing. He stated that they were one-third of the way across the street when the accident occurred. He also stated he did not see the lights until a few seconds before being hit. He further testified that he did not remember talking to the police officers or to Earl F. Adams, a representative of defendant.

Sergeant Michael J. DiMauro of the Providence Police Department testified as to the location of the accident. He stated that the accident did not occur at a crosswalk. He also stated that he interviewed Arthur Carter, Jr. at the Rhode Island Hospital and took his statement from him.

Patrolman James W. Breen of the Providence police testified that he viewed the scene of the accident and that the accident did not occur at a crosswalk or intersection. He stated that he accompanied Sergeant DiMauro to the Rhode Island Hospital where they interviewed Arthur Carter, Jr.

Earl Adams testified that he was employed by defendant and he investigated the accident. He made a diagram of the location of the accident. He further testified that he interviewed the driver of defendant's vehicle, Ralph Onley, Sr. He testified further that Arthur Carter, Jr. told him that he and Aleen were walking home and when they started to cross the street in front of 191 Prairie Avenue, he was suddenly struck by a motor vehicle.

Arthur Carter, Jr., called as a rebuttal witness, testified that he did not remember talking to either of the police officers. He also testified he did not believe he talked to Earl Adams.

Theodore K. Gibson, M.D. stated in his report, plaintiff's exhibit No. 3, that Aleen Hamrick suffered a fractured pelvis, that she was hospitalized from September 10, 1962 to October 6, 1962; that she was released from the hospital on crutches; that she was allowed to discard the crutches on November 23, 1962; that when last seen by him on January 25, 1963, she was walking well without support but she complained that her left groin bothered her. Examination on that date by him revealed a normal range of motion and strength of the right hip, but showed a reduction in range of motion with pain on certain motions of

the left hip. Doctor Gibson expressed concern regarding the pain and decreased range of motion in the left hip.

Ralph F. Pike, M.D. stated in his report, plaintiff's exhibit No. 4, that when he examined Aleen Hamrick on January 17, 1963, she was still experiencing a great deal of pain and in his opinion she would experience a definite permanent residual physical impairment.

The medical and hospital bills set forth in plaintiff's exhibits 1, 2, 3 and 4, total $1207.15.

## I

The defendant, relying on G. L. 1956 (1969 Reenactment) §9-19-11, contends that it was reversible error for the trial justice to refuse to admit into evidence statements made by Ralph Onley, Sr., driver of defendant's vehicle, at the time of the accident. The driver had deceased prior to the commencement of this action. The defendant attempted to introduce into evidence a statement made by the deceased driver to the police at the police station on the night of the accident and also a statement made by him to Earl Adams, an employee of the defendant, on the day following the accident.

Section 9-19-11 states: "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant." This statute has been construed liberally to carry out the intent of the Legislature to admit the statements of deceased persons despite their hearsay character. In order to admit statements under this statute the trial justice must ascertain that the statements sought to be admitted were made prior to the institution of the action, in good faith, and within the knowledge of the declarant. If the trial justice finds any of these elements to be absent he should refuse to allow the statements to be admitted into evidence. Here, it is conceded that the state-

ments were made prior to the institution of the action and within the knowledge of the declarant.

The remaining point as to whether they were made in good faith was considered by the trial justice. He excluded the statements of the deceased driver on the ground that they were not made in good faith. A reading of the transcript indicates that one of the statements was made to the police at the police station during an investigation following the accident. The transcript indicates that the trial justice concluded that because of fear of prosecution the statement of the driver to the police was not made in good faith. As to the statement of the driver to the employee of defendant, the trial justice concluded that because of the fear that he might incriminate himself with his employer the statement was not made in good faith. In such circumstances, we cannot say that the trial justice, finding the absence of good faith as he did, abused the discretion vested in him by the statute when he refused to admit into evidence the statements by the deceased driver. We, therefore, hold that the trial justice committed no error in excluding the statements of the deceased driver.

## II

We next consider defendant's contention that the refusal of the trial justice to grant the following requests to charge the jury was prejudicial error:

"9. No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield. If you find that on the basis of the testimony offered, the Plaintiff's Decedent did actually commit this act, you must find for the Defendant. GLRI 1956, §31-18-3, *As Amended.*

"10. If you find that the Plaintiff's Decedent looked but did not see what she should have seen then you must find for the Defendant, for under the Laws of the State of Rhode Island, there is the presumption that a Plain-

tiff keeping a proper lookout would have seen the danger and avoided the resulting accident. *Keenan* v. *Providence Journal Company,* 52 R. I."

In reference to request No. 9, there is no evidence in the record that plaintiff suddenly left the curb and walked or ran into the path of a vehicle. In fact, the evidence is directly opposite, the testimony being that she stopped at the curb and looked left and right. Consequently, we hold that the trial justice correctly denied defendant's request No. 9.

It is well settled in this state that the charge given to the jury must be applicable to the facts that have been adduced in evidence and that a request for instructions is properly denied when there is no basis for such instructions in the evidence. *Cinq-Mars* v. *Standard Cab Co.,* 103 R. I. 103, 235 A.2d 81 (1967).

As to request No. 10, we conclude that the substance of this request was fairly covered by the general charge and therefore the trial justice's refusal to grant the request was not reversible error. Where a request to charge a jury was fairly covered by the general charge, refusal to grant the request was not reversible error. *Handy* v. *Geary,* 105 R. I. 419, 252 A.2d 435 (1969).

### III

We now come to consideration of defendant's motion for a new trial. The trial justice reviewed the evidence which he considered pertinent to the issues raised by defendant's motion. He accepted the testimony of plaintiff's witnesses as being sufficient to justify the jury finding as it did. He found that on the facts, reasonable people could have come to different conclusions. The trial justice further found that the jury did not fail to do substantial justice between the parties. For defendant to succeed it must establish that the trial justice in considering the motion for a new trial failed to perform his duty as set forth in *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836 (1964), or

that in his performance he either misconceived or overlooked material evidence or was otherwise clearly wrong. *Handy* v. *Geary, supra,* and *Rabau* v. *Gaudreau,* 107 R. I. 146, 265 A.2d 739 (1970). Here defendant failed to meet that burden and we consequently hold that the trial justice did not err in denying defendant's motion.

## IV

At the conclusion of plaintiff's case without resting, defendant moved for a directed verdict which was denied by the trial justice. Thereupon, defendant proceeded with its case and at the completion of the evidence renewed its motion for a directed verdict which the trial justice denied. We are concerned on this appeal with the second motion since defendant is deemed to have waived its rights to seek review when it introduces evidence on its behalf for the denial of the first motion. See Super. R. Civ. P. 50. In considering a motion for a directed verdict the trial justice must view all of the evidence in the light most favorable to the adverse party and is obliged to give the adverse party the benefit of all reasonable and legitimate inferences which may be properly drawn therefrom, without sifting or weighing the evidence, or exercising his independent judgment as to the credibility of the witnesses who have testified. If after taking such a view, the trial justice finds that there exist issues upon which reasonable men might draw conflicting conclusions, the motion for a directed verdict should be denied and the issues should be left for the jury to determine. In reviewing the trial justice's decision we are bound by the same rules. *Dawson* v. *Rhode Island Auditorium, Inc.,* 104 R. I. 116, 242 A.2d 407 (1968).

We have reviewed all of the evidence which was before the trial justice at the completion of the case and we are of the opinion that he correctly denied defendant's motion for a directed verdict. In the case at bar there are several

issues of fact which warranted being sent to the jury for determination. The evidence raised the issues as to whether or not on the facts defendant could be charged with negligence and whether or not plaintiff's decedent could be charged with contributory negligence, and whether or not plaintiff had taken reasonable precautions for her own safety by ascertaining if traffic was approaching as she started to cross the street.

The evidence viewed in a complexion most advantageous to plaintiff indicates that there existed several controvertible issues of fact which warranted being sent to the jury for determination. The trial justice ruled correctly in denying the motion for a directed verdict. We therefore affirm his decision denying defendant's motion.

## V

We next consider defendant's contention that the decision of the trial justice in granting plaintiff's motion for an additur or in the alternative a new trial for damages only was prejudicial error.

The defendant argues that the reports of Dr. Gibson and Dr. Pike were improperly admitted into evidence since it had objected to the introduction of the reports. A reading of the transcript indicates that the report of Dr. Gibson, petitioner's exhibit No. 3, was admitted without objection, the only objection being to the reading of the report to the jury by plaintiff's counsel. This objection was properly overruled by the trial justice.

The defendant did object to the introduction of a certain portion of the report of Dr. Pike, plaintiff's exhibit No. 4. The objection was overruled and the report was admitted into evidence by the trial justice. A reading of that portion of the report objected to does not reveal any evidence prejudicial to defendant and we therefore hold that the trial justice was correct in admitting the statements of the doctors into evidence.

524

The defendant further objected to the admission by the trial justice of a statement by Lawrence Hamrick that his mother, Aleen, told him she was in pain. Since this evidence was properly admitted into the case from other sources we find no error in the ruling of the trial justice. It was agreed by the parties that plaintiff sustained special damages for hospital and medical expenses in the amount of $1207.15. Based on the award of $1500 by the jury it is clear that the award by the jury for pain and suffering as found in the medical reports was only $292.85.[1]

The duties of a trial justice considering a motion for a new trial on the ground of inadequacy of damages are well settled. He must in the exercise of his independent judgment weigh all of the material evidence on the question of damages and pass on the credibility of witnesses. After that evidence-sifting process is completed a new trial on the question of damages will be in order if there is such a demonstrable disparity between the jury's award and the damages sustained by the plaintiff that the verdict is not truly responsive to the merits of the controversy and fails to do substantial justice to the parties. *DiBattista* v. *Lincoln*, 109 R. I. 412, 286 A.2d 591 (1972). *Handy* v. *Geary*, *supra*.

A reading of the trial justice's decision makes it clear that he understood and complied with the rule. Having concluded that the prerequisite disparity existed, the only option open to him under the rule was to grant plaintiff a new trial on the question of damages unless defendant consented to the additur. *Ruggieri* v. *Ventalume Window & Door Products, Inc.*, 108 R. I. 514, 277 A.2d 296 (1971).

---

[1]Ordinarily the award for damages relating to pain and suffering is calculated on the basis of testimony which the jury is able to observe and hear. However, because of the lapse of almost nine years between the filing of the complaint and the trial of this case, together with the decease of the plaintiff, the jury had the right to assess damages for pain and suffering based on the medical reports which were admitted into evidence.

In reviewing the testimony the trial justice stated that the evidence produced by plaintiff justified the verdict by the jury as to liability. In other words he believed plaintiff's witnesses. We are not convinced that in the performance of his duties in considering the motion the trial justice either overlooked or misconceived any material evidence or was otherwise clearly wrong. We therefore affirm the trial justice's decision granting plaintiff's motion for a new trial on damages only, unless defendant shall consent to the additur awarded below.

In the circumstances, it was not error for him to grant a new trial conditioned on the defendant's consent to an additur. *Silverio* v. *Sweetman,* 109 R. I. 527, 288 A.2d 265 (1972); *DiBattista* v. *Lincoln, supra; Webbier* v. *Thoroughbred Racing Protective Bureau, Inc.,* 105 R. I. 605, 254 A.2d 285 (1969).

The appeal of the defendant is denied and dismissed. The judgment appealed from is affirmed and the case is remitted to the Superior Court with our order that the defendant accept the additur as ordered by the trial justice within ten days or in the alternative that a new trial be granted to the plaintiff on the question of damages only.

Mr. Justice Joslin did not participate.

*Alton W. Wiley,* for plaintiff.

*Schreiber, Clingham & Gordon, Stephen A. Gordon,* for defendant.