Gerard LABRECQUE

v.

**BRANTON YACHTS CORPORATION.**

**No. 80–288–Appeal.**

Supreme Court of Rhode Island.

March 22, 1983.

---

Howard A. Salk, Warwick, for plaintiff.

Archibald B. Kenyon, Jr., Wakefield, for defendant.

## OPINION

MURRAY, Justice.

This case is an appeal from a judgment of the Superior Court in which a jury found the defendant liable for breach of contract.

The sequence of events leading up to today's appeal began in 1976 when plaintiff, Gerard Labrecque, purchased a partially completed forty-foot sailboat. For approximately two years plaintiff kept the boat in his backyard where he occasionally performed work on it. By 1978 plaintiff had completed all those tasks commensurate with his boat-building ability, but his craft still fell far short of being seaworthy. Therefore, he met with George Brandariz, the owner of defendant Branton Yachts Corporation, and the two agreed that defendant would complete the work on the boat. At trial plaintiff testified that the agreed price was $16,000 whereas Brandariz testified that he gave an estimate of $16,-000 to $18,000.

The record indicates that plaintiff had made regular installment payments to defendant until July of 1978, at which time the payments totaled $15,000. In July the parties had a "falling out" with plaintiff ordering defendant to stop work on the still unfinished boat and demanding that the boat be returned. The plaintiff offered the remaining $1,000 to fulfill what he thought was his contractual obligation. However, defendant refused plaintiff's offer of payment and demanded another $5,000 as compensation for the work he had done on the boat. The plaintiff in turn refused defendant's demand for the additional amount. The defendant then prevented plaintiff from retrieving his boat.

On January 11, 1979, plaintiff filed a complaint in the Newport County Superior Court containing various counts requesting replevin, an injunction, damages for breach of contract, damages for conversion, damages for negligence, damages for breach of warranty, damages for deceit, and a temporary restraining order.[1] The defendant filed an answer denying plaintiff's allegations and a counterclaim for the alleged balance due for the work it had performed.

From February 7, 1980 until February 13, 1980, this matter was tried before a Newport County jury. At the conclusion of plaintiff's case, the trial justice granted defendant's motion for a directed verdict in regard to all counts of the complaint except those for breach of contract and breach of warranty.

During the trial plaintiff introduced evidence that some of defendant's work was improperly performed and that some of the work agreed on was never done. He also presented a witness who testified that it would now cost plaintiff $18,000 to put the boat in seaworthy condition, with a good portion of that price going toward ripping out work done by defendant. In rebuttal defendant introduced evidence in an attempt to establish that plaintiff had accepted the work done, that he had prevented

defendant from completing the work, and that he had selected the type of construction which he now claimed was improper. On February 13, 1980, the jury found for plaintiff in the amount of $16,000. After the verdict, defendant filed a motion for a new trial, which was denied on March 28, 1980. The defendant now appeals from both the Superior Court judgment and the denial of the motion for a new trial.

The defendant first contends that the trial justice improperly denied three of his requests for jury instructions. The first denied instruction concerned defects caused by the type of construction selected. It reads:

> "27. If Plaintiff consulted with Defendant as to the type of construction of the interior of the cabin and Defendant gave its advice, leaving the Plaintiff to decide what type of construction would be used to finish the interior, and the Plaintiff selected the type of construction, then the Defendant is not responsible for any defects that might have occurred due to the type of construction. *Fletcher & Brothers v. Seekell,* 1 RI 267 (1849)."

■ It is well settled in Rhode Island that the charge given to the jury must be applicable to the facts that have been adduced in evidence and that a request for instructions is properly denied when there is no basis for such instructions in the evidence. *Hamrick v. Yellow Cab Co.,* 111 R.I. 515, 521, 304 A.2d 666, 670 (1973).

■ In the present case we find no evidence that supports the proposition that plaintiff selected a type of construction which caused any defects. At the trial defendant consistently testified that he was never furnished specifications, plans, or layouts that would assist him in the construction process. The plaintiff did choose to have vinyl installed to cover some of the surface area inside of the cabin. However, the evidence reveals that the defects com-

---

1. Originally, plaintiff's wife, Yvette Labrecque, was a named plaintiff but the trial justice granted defendant's motion for a directed verdict as it related to her claim.

plained of were the result of the unworkmanlike manner of installation, not the result of the type of construction selected. Consequently, we find that the trial justice correctly denied defendant's request No. 27 because there was no basis for such an instruction in the evidence.

The trial justice also denied the following request for a jury instruction:

"28. You will remember that according to the testimony, the Plaintiff went to Defendant's place of business on several occasions and inspected the boat and made payments on those occasions to the Defendant without making any complaint as to the workmanship.

"I will charge you as to the law governing the acceptance of the work. If you are sold an article and that article is not as represented, it would be your duty to return that article in a reasonable time, rather than to keep it a long time and, finally, when suit was brought against you, complain that the article sold you was not such an article as you agreed to buy. Of course, the labor which was expended on this boat could not be returned as such, and the material installed could not be taken and handed over bodily to the Defendant. It is a physical impossibility. But, if you have work of this nature done and you accept the work, in other words, by your conduct you tacitly agree that the work is all right, you cannot, at some later date, when a man would like to have his pay for the labor, complain that the work which you once accepted was not all right, or not proper work and labor furnished to you.

"That is one question for you to take into consideration, whether or not the Plaintiff, by his conduct, did apparently accept the work—not whether he took the boat and went away with it,—it is admitted that he does not have the boat—but whether or not the work was acceptable to him at that time. *Nock v. Lloyd,* 32 R.I. 313 [79 A. 832 (1911)]."

The defendant contends that plaintiff inspected the boat on various occasions and never complained about the defects present. By not complaining, defendant asserts that plaintiff accepted the work done and that he should be estopped from raising such defects in his breach-of-contract action. In support of this contention defendant cites *Nock v. Lloyd,* 32 R.I. 313, 79 A. 832 (1911), and requests that the jury be given the same charge that was given to the *Nock* jury.

*Nock* involved a situation in which the repair work on a boat was complete when the customer took the boat away. The customer later discovered that the repair work done was below standard so he withheld payment for the labor and materials. The jury returned a verdict in favor of the plaintiff. On appeal the court upheld the verdict noting that the trial justice did not commit error by giving the above jury instruction.

■ We are of the opinion that the facts in the present case are substantially different from those in *Nock.* In *Nock,* we spoke to the situation in which the work is complete and the customer is to make his final inspection before making payment. In comparison the facts presented to us today involve an incomplete boat and several informal visits to the job site. We find this distinction to be a crucial one as it would be unrealistic to require a customer to accept or reject on the basis of work that is partially complete. Given the dissimilar factual contexts of *Nock* and the present case, we decide that the trial justice correctly denied defendant's request No. 28 because there was again no basis for such an instruction in the evidence. *See Hamrick v. Yellow Cab Co.,* 111 R.I. 515, 304 A.2d 666 (1973).

The final instruction request denied by the trial justice contained the following:

"37. If you find the Plaintiff breached any contract between the parties by ordering the Defendant, BRANTON YACHTS CORPORATION, to stop work on the boat, then I instruct you that the Plaintiff cannot recover from BRANTON YACHTS for its failure to complete the

work. He can neither insist on performance by BRANTON YACHTS nor maintain an action against it for failure to perform. If he committed the first breach then the liability for nonperformance rests upon him. 17 Am.Jur.2d 807 Contracts 365. Williston on Contracts 3rd Ed. Vol. 5, Sec. 677, P. 224".

■ We have repeatedly held that it is not error for a trial justice to deny requests for instructions if the instructions requested are adequately covered in the court's charge to the jury. *Mercurio v. Fascitelli,* 116 R.I. 237, 241, 354 A.2d 736, 739 (1976); *Young v. Coca-Cola Bottling Co.,* 109 R.I. 458, 287 A.2d 345 (1972). In the present case, the record indicates that the trial justice gave the following charge:

"Lastly, Ladies and Gentlemen, if you find there was a contract, meeting of the minds, if you find that the Defendant has done nothing wrong and that the person to blame in this particular situation is the Plaintiff, that the Plaintiff stopped the Defendant from performing, he interfered with the performance of his contract, if the Plaintiff wasn't justified in doing that, the Defendant did nothing wrong and there was a contract because of action taken by the Plaintiff, the Defendant is now not able to complete that contract, then under those circumstances the Defendant is entitled not to the cost to him of that which he has done, but he's entitled to recover any increased value of the boat by reason of the work that he performed. You've heard testimony concerning what the value of the boat is by reason of the work that has been done. Those are the principles that you have to apply to the facts."

■ Although framed in slightly different language, the trial justice's charge to the jury clearly encompasses defendant's requested instruction. For this reason we conclude that the trial justice correctly denied defendant's instruction No. 37.

■ The final issue we address today is whether or not the trial justice correctly denied defendant's motion for a new trial.

It is well established in this jurisdiction that a trial justice, when considering a motion for a new trial, should exercise his independent judgment and review all of the material evidence in the case in light of his charge to the jury, passing upon the credibility of the witnesses and the weight of the evidence. If the trial justice then determines that the evidence and the reasonable inferences to be drawn therefrom are so nearly balanced that reasonable persons could arrive at different results in deciding the case, the new-trial motion must be denied. If, however, the trial justice concludes that the jury's verdict is against the fair preponderance of the evidence, he must grant the motion for a new trial. *Owen Kelly v. C.H. Sprague & Sons Co.,* 455 A.2d 1302 (R.I., 1983); *Barbato v. Epstein,* 97 R.I. 191, 196 A.2d 836 (1964).

■ On appeal, a trial justice's ruling on a motion for a new trial is entitled to great weight and will not be disturbed unless he has overlooked or misconceived material evidence or is otherwise clearly wrong. *Owen Kelly,* 455 A.2d at 1304. Our scope of review is therefore limited to whether the trial justice overlooked material evidence or was otherwise clearly wrong.

The defendant contends that the trial justice overlooked or misconceived the evidence in the breach-of-contract issue. Specifically, defendant asserts that plaintiff cannot recover damages from defendant when plaintiff ordered it to stop work. In making this argument defendant assumes that the stop-work order was the breach of contract at issue. However, the trial justice had another view of the evidence:

"The Court has examined the evidence in light of the Court's instructions. There is no reason for a Plaintiff who delivers possession of his goods to an artisan pursuant to an oral contract to perform services being required to allow the work to continue when he becomes dissatisfied with the artisan's method of performance. He had reached a point as it relates to money matters that he had

$1,000 more to pay and he tendered, and it was not contradicted, $1,000 in full performance of his obligation. * * * He was willing to give him the $1,000 and totally perform his obligation."

█ Clearly, the trial justice did not overlook or misconceive the evidence about the stop-work order. Rather, it is his perception based upon the evidence that the so-called stop-work order did not constitute a breach of the contract as contended by the defendant. Moreover, our examination of the record does not disclose any other evidence that the trial justice overlooked or misconceived when he denied the motion for a new trial. Consequently, we decide that the trial justice correctly denied the defendant's motion for a new trial.

For the reasons stated, the appeal is denied and dismissed, the order appealed from is affirmed, and the papers in this case are remanded to the Superior Court.