330 A.2d 810.

EMMA RUGGIERI *vs.* THE BIG G SUPERMARKETS, INC.

JANUARY 21, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. The defendant, as its name implies, operates a chain of supermarkets. One of its enterprises is located in the town of North Providence on Mineral Spring Avenue. On October 19, 1967, the plaintiff and her friend entered the North Providence premises to make some purchases. During the course of their shopping, the pair walked along an aisle past a refrigerated case displaying vegetables to a platform on which were stacked bags of potatoes. The platform measured some 4 to 5 feet in width and between 4 and 5 inches in height. There was some question as to whether on this particular day the defendant was selling 5 or 10-pound bags of potatoes. However, there is no question that as the plaintiff stepped onto the platform to pick up a bag from the back row, her left foot went through a 3-inch space in the platform. According to the plaintiff and her friend, this unexpected development caused the plaintiff to lose her balance and fall against the refrigerated case. The evidence indicates that the platform upon which the potatoes were stacked was in fact a wooden pallet whose top was composed of a series of wooden slats, each of which was set about 3 inches from the next. Store personnel, apparently with the aid of a crowbar, extricated plaintiff's foot and then escorted her home. Thereafter, she sought medical assistance. Her orthopedic surgeon testified on her behalf.

A jury trial was held in the Superior Court. At the

conclusion of plaintiff's case, defendant rested without presenting any evidence and moved for a directed verdict. The trial justice, acting under the provisions of Super. R. Civ. P. 50(b), reserved decision on the motion and submitted the case to the jury. In his charge, the trial justice remarked to the members of the jury that they were first to consider the question of defendant's negligence and from there to go on and resolve the issue of plaintiff's contributory negligence. When announcing the jury's verdict, the foreman reported, "We, the jury, find the defense not guilty of negligence." Later, the trial justice denied defendant's motion for a directed verdict and granted plaintiff's motion for a new trial. The denial of defendant's motion and his grant of plaintiff's are the basis for this appeal.

The defendant concedes that in negligence cases a grant of a directed verdict on contributory negligence is the exception rather than the rule. It argues that plaintiff's admitted conduct is the exception. The plaintiff conceded that she did not look down as she placed her foot on top of the pallet. The defendant argues with great vigor that one who does not "look down" before he "steps up" is automatically barred from recovering damages. We cannot agree.

While the potatoes may not have been selling like hot cakes, the evidence shows that at the time plaintiff and her friend approached what they called the "platform," there was consumer acceptance of the product. The front portion of the pallet was bare. The potatoes available to plaintiff were stacked on the back row. She saw people step onto the platform, take one of the back-row bags, and continue on their way to other portions of the store. We think it highly unrealistic that today's shopper should be expected to enter a merchandising establishment, such as a supermarket, and then cast his or her eyes in a down-

ward direction as he or she travels through the store. Such a posture, while perhaps becoming to a postulant while walking and meditating behind the monastery walls, is most inappropriate for the shopper who is expected to keep a sharp eye out for the bargains of the day. If we were to embrace a hard and fast rule requiring that the shopper, as he makes his way about the premises, keep his eyes cast downward, the incidence of injury at the supermarkets might decline, but this in turn would produce another casualty as sales revenues plummet because the shoppers would fail to see what specials await their inspection and ultimate purchase. The defendant has cited in support of this facet of its appeal cases involving intersectional automobile collisions. However, plaintiff is not a motorist but a patron to whom defendant has opened its doors and extended an invitation to come in and shop around its store.

A somewhat similar contention to that now being pressed by defendant was presented to us in *Cofone* v. *Narragansett Racing Ass'n,* 103 R. I. 345, 237 A.2d 717 (1968). During a sudden heavy rainfall, the plaintiff was struck in the head by an unattended, descending, overhead door just as he was about to complete a dash from the track's turnstiles to the sheltered interior of its grandstand. The track, in relying on one of the cases now being cited to us by the supermarket, declared that had Cofone looked up, as he said he did, he would have seen the door making its descent and hence he was guilty of contributory negligence as a matter of law. In rejecting this argument we ruled that Cofone's failure to see the door on its downward trek was not susceptible to the single reasonable inference that he was contributorially negligent. Rather, it was up to the jury to determine if Cofone, in running toward the grandstand, had acted with reasonable care for his own safety.

So, too, the issue of plaintiff's failure to look down before she stepped up was a matter to be resolved by the factfinders. Here, we are not dealing with an obvious defect that was known to plaintiff. She testified that she did not know about the composition of the pallet's top. She just "went up" and reached in for a bag of potatoes. It just cannot be said that plaintiff was guilty of contributory negligence as a matter of law because she did not anticipate defendant's use of the particular display stand in question.

Finding no error in the trial justice's denial of the motion for a directed verdict, we now turn to his grant of the motion for a new trial.

The defendant in faulting the award of the new trial uses language which is heard time and time again whenever the trial justice vacates the jury's verdict and orders a new trial. It complains that the evidence relating to the matters in dispute was so "evenly balanced" that "reasonable minds" could draw "different conclusions" therefrom, and consequently the trial justice erred because he cannot "substitute his judgment" for that of the jury by drawing inferences from the record which are contrary to the inferences drawn by the jury from the same evidence. We concede that, in discussing the trial justice's role in considering a motion for a new trial, we have alluded to instances in which the evidence is "evenly balanced" and the consequent diversity of thoughts about such evidence by individuals of "reasonable minds." However, an unhappy litigant's reliance on such language to sustain a jury verdict overlooks the functions and obligations of a trial justice as he determines a motion for a new trial.

In this jurisdiction a trial justice, as he considers the pros and cons of such a motion, acts as a "super juror" or a "thirteenth juror" in that he makes an independent ap-

praisal of the evidence in the light of his charge to the jury. He can weigh the evidence and assess the witnesses' credibility. He can reject some evidence and draw inferences which are reasonable in view of the testimony and evidence in the record. After he finishes his sifting of the evidence, the trial justice must make a choice. He can, as defendant urges here, follow the route designed for times when he thinks the testimony so evenly balanced that the verdict should not be disturbed, or he can go the way established for those occasions when his "superior judgment" tells him that the verdict is against the preponderance of the evidence and thereby fails to either do justice to the parties or respond to the merits of the controversy. If he determines that the evidence presented an "evenly balanced-reasonable minds could differ" situation, he denies the motion. On the other hand, if he is of the opinion that the verdict is not a proper response to the evidence, he grants the motion. *Gordon* v. *Campanella Corp.,* 112 R. I. 417, 311 A.2d 844 (1973); *Ruggieri* v. *Beauregard,* 110 R. I. 197, 291 A.2d 413 (1972); *Roberts* v. *Wills,* 108 R. I. 586, 277 A.2d 754 (1971); *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836 (1964).

Here the verdict was unique in that the foreman announced the jury's finding "no negligence." The trial justice in his discussion of the verdict pointed out that there was no question that defendant in stacking its potatoes on a pallet whose top was interspersed with 3-inch spaces was not using due care for the safety of its patrons because it should have foreseen that, as the day progressed and sales of potatoes mounted, the gaps in the top of the platform would be uncovered. He also remarked that the store was aware, or should have been aware, that its customers come equipped with all sizes of feet and that the feet in turn are encased in all sorts of shoes. The trial justice emphasized that defendant should have made some effort to

eliminate the hazard by either warning its customers of the gaps in the pallet's top or employing a clerk to hand the bags to those desiring them. We would add that the market could have resolved the difficulty by using a display platform that had a solid top.

In his decision, the trial justice indicated a manifest awareness of his duties and obligations in disposing of the motion before him. His independent appraisal of the record indicated to him that he should follow the route laid out for occasions when the jury's verdict failed to respond to the merits of the controversy. The defendant has failed to persuade this court that the trial justice in deciding the motion was obviously mistaken in his judgment or overlooked or misconceived any material evidence. *Gordon* v. *Campanella Corp., supra.* We see no reason why his actions should be overruled.

The defendant's appeal is denied and dismissed.

*Monti and Monti, A. David Tammelleo,* for plaintiff.

*Francis V. Reynolds, Paul V. Reynolds,* for defendant.