**Wilfred LAPRE**

v.

**RUGGIERI BROTHERS, INC.**

**No. 95–241–Appeal.**

Supreme Court of Rhode Island.

Feb. 14, 1997.

Merrill Friedemann, Aram R. Schefrin, Providence, for Plaintiff.

David E. Maglio, III, Moira E. Reynolds, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Court pursuant to an order directing the parties to appear and show cause why the issues presented in this appeal should not be summarily decided. The defendant, Ruggieri Brothers, Inc., appeals from an order entered in the Superior Court, granting plaintiff, Wilfred Lapre's motion for a new trial. After reviewing counsel's memoranda and hearing arguments thereon, we conclude that cause has not been shown. The defendant's appeal is accordingly denied and dismissed.

The plaintiff was employed as a professional painter by M.L. McDonald Company. On November 15, 1989, plaintiff was injured while painting at the Rhode Island Group Health Association (RIGHA) building in Providence, Rhode Island, when he tripped over a piece of scrap carpet. The plaintiff filed suit against defendant, alleging that defendant's workers who were installing carpet at RIGHA had negligently left a scrap piece of carpet on the floor in the area where plaintiff was working. The case was heard before a jury in the Superior Court.

The evidence showed that at approximately 8:30 a.m. a coffeewagon arrived at RIGHA whereupon defendant's workers took a break. The plaintiff continued to work. He alleged that while painting a door jamb, he tripped on a scrap of carpet and sustained injuries when he fell on his right shoulder.

In his testimony plaintiff stated that he did not know that there were any carpet scraps on the floor and also that he did not see any scraps. The defendant's workers denied that they had left any carpet scraps on the floor and testified that they had placed all scrap materials safely in containers.

After case summations the trial justice instructed the jury on the law of negligence as well as the defense of assumption of the risk. Pursuant to Rule 49 of the Superior Court Rules of Civil Procedure, the jury was required to return a special verdict in the form of special written findings in answer to written questions submitted by the trial justice. The first question asked whether defendant had proven that plaintiff knowingly and voluntarily assumed the risk of injury caused by defendant's negligence. The jury answered this question in the affirmative, and judgment was entered in favor of defendant.

The plaintiff filed a motion for a new trial on the ground that there was no evidence from which the jury could conclude that he had assumed the risk. He asserted that in order to find that he had assumed the risk the jury would have had to have disbelieved not only his testimony that he did not see any carpet scraps on the floor but also the testimony of defendant's workers who had testified that they did not leave any carpet scraps on the floor. The defendant asserted that although there was no direct evidence that plaintiff knew of the risk, the jury could have inferred that plaintiff knew of the risk on the basis of the totality of the evidence including plaintiff's experience in working on large projects alongside other contractors. The trial justice concluded that the question was close but that the evidence preponderated against finding that plaintiff saw the scraps, appreciated the hazard, and nonetheless continued to work. He thereupon granted the motion for a new trial. The defendant appeals to this court, asserting that the trial justice overlooked or misconceived material evidence in granting a new trial.

The duty of a trial justice in deciding a motion for a new trial is settled in Rhode Island and such decision will only be over-

turned if the judge was obviously mistaken or has overlooked or misconceived material evidence. *See Ruggieri v. Big G Supermarkets,* 114 R.I. 211, 330 A.2d 810 (1975); *Gordon v. Campanella Corp.,* 112 R.I. 417, 311 A.2d 844 (1973); *Barbato v. Epstein,* 97 R.I. 191, 196 A.2d 836 (1964).

We have held before that in order to assume a risk a party must voluntarily encounter a known and appreciated danger. *See Kennedy v. Providence Hockey Club, Inc.,* 119 R.I. 70, 376 A.2d 329 (1977). This standard is keyed to the injured party's subjective knowledge. *Id.* Additionally, the burden of proof is on the defendant. *Iadevaia v. Aetna Bridge Co.,* 120 R.I. 610, 389 A.2d 1246 (1978).

In this case, the trial evidence before the trial justice when he ruled on plaintiff's motion for a new trial was that the plaintiff did not know of or see any scraps of carpeting on the floor and the defendant's workers had testified that they had not left any scraps of carpeting on the floor. That state of the trial evidence prevented the defendant from meeting his burden of proving that plaintiff knew of and appreciated the risk of falling on scraps of carpeting left on the floor when all of the testimonial evidence was that there were none on the floor at the time of the plaintiff's fall. We are therefore convinced that the trial justice properly performed his function in deciding that the evidence preponderated against an assumption of risk finding by the jury. Accordingly, the defendant's appeal is denied and dismissed, and the order appealed from is affirmed. The case is remanded to the Superior Court for a new trial.