William CATANZARO, et al.

v.

CENTRAL CONGREGATIONAL CHURCH, et al.

v.

EASTERN CONSTRUCTION COMPANY, INC.

No. 96–432–Appeal.

Supreme Court of Rhode Island.

Jan. 22, 1998.

Raymond A. LaFazia, Providence, for Plaintiffs.

Mark Nugent, Valerie A. Connor, Michael G. Sarli, Dennis T. Grieco, III, Providence, for Defendants.

Before LEDERBERG, BOURCIER and GOLDBERG, JJ.

## OPINION

PER CURIAM.

On November 18, 1997, this matter came before a three-member panel of the Supreme Court for oral argument pursuant to an order directing the plaintiffs to appear and show cause why the issues presented should not be summarily decided. The plaintiff William Catanzaro (plaintiff), appeals from the denial by the trial justice of his motion for a reapportionment of liability or, in the alternative, a new trial on the issue of liability in his action against the defendant, Central Congregational Church (Central). After hearing the arguments of counsel and reviewing the memoranda of the parties, we conclude that cause has not been shown. Accordingly the appeal shall be decided at this time.

On August 16, 1991, plaintiff was injured while employed by Eastern Construction Company (Eastern) during renovations at Central. On that date plaintiff and his co-worker, George K. Jessop, were lifting metal grates over a window well one at a time, cleaning the well underneath, and replacing the grate over the well. These grates were supported by angle irons attached to the building on one side and the cement apron of the window well on the other. According to plaintiff, he was standing on one of the metal grates and Jessop was standing on another when they dropped a third grate onto the angle iron, at which point the support bolt broke and a chain reaction resulted in all three grates collapsing. The distance from which plaintiff dropped the grate, although a fact in dispute, ranged from three to eight inches. The plaintiff fell into the window pit and seriously injured his right arm, forearm, and shoulder. He received workers' compensation benefits from Eastern and filed a personal-injury action against Central for negligently maintaining the premises in a hazardous condition.[1] Central filed a third-party complaint against Eastern for indemnification on the basis of a contractual relationship between Central and Eastern wherein Eastern agreed to be responsible for the supervision and performance of the construction.

A trial was held before a justice of the Superior Court, who at the close of the evidence granted Eastern's motion for judgment as a matter of law, finding a complete lack of evidence of any negligence on the part of Eastern or its employees. With respect to the remaining claim against Central, the jury returned a verdict for plaintiff in the amount of $400,000 and found him to be 50 percent comparatively negligent. The plaintiff moved for a reapportionment of liability or, in the alternative, for a new trial on the issue of liability only. The trial justice denied this motion. Therefrom, the instant appeal followed.

On appeal plaintiff claims the trial justice failed to perform an independent evaluation of the evidence and to pass upon the credibil-

---

1. The plaintiff's wife, Jean E. Catanzaro, filed an action for loss of consortium that was denied by the jury. No appeal from that judgment was taken.

ity of the witnesses and the weight of the evidence in accordance with our well-recognized principles regarding motions for a new trial. *See Ruggieri v. Big G Supermarkets, Inc.*, 114 R.I. 211, 215–16, 330 A.2d 810, 812 (1975); *Barbato v. Epstein*, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964).

This court has held that when the trial justice fails to do what is expected when deciding a motion for a new trial, we shall not automatically reverse the decision and grant a new trial. *Puccio v. Diamond Hill Ski Area, Inc.*, 120 R.I. 28, 41, 385 A.2d 650, 658 (1978). Rather we shall review the record and grant a new trial only if the evidence "substantially preponderates" against the jury's verdict. *Id.* This court will examine the record in the light most favorable to the prevailing party to determine whether any competent evidence exists that supports the jury's verdict. *Id.*

Although we find the decision barely adequate and have determined that the trial justice did not fully comply with the mandate set forth in *Ruggieri* and *Barbato,* we are nonetheless satisfied that the record contains sufficient evidence upon which the jury could find negligence on the part of the plaintiff. Several expert witnesses testified that the grates, lag screws, angle irons, and anchor bolts had deteriorated to such a condition that although arguably safe for pedestrian traffic, they were in need of replacement. Furthermore, evidence was introduced that the dropping of the grates by the plaintiff, who weighed approximately 280 pounds and was standing on another grate, may have caused the bolts to break. Thus there was evidence to support the jury's finding that the plaintiff had contributed to the accident. We therefore conclude that the denial of the motion for reapportionment of liability or, in the alternative, a new trial on the issue of liability was proper.

For the foregoing reasons we deny and dismiss the plaintiff's appeal. The judgment of the Superior Court is affirmed, and the papers in this case are remanded to the Superior Court.

WEISBERGER, C.J., and FLANDERS, J., did not participate.