Debbie **STRAWDERMAN**

v.

Joseph **GENCARELLI** and **Giorgio Gencarelli.**

No. 98–296–Appeal.

Supreme Court of Rhode Island.

Dec. 17, 1999.

Kelly M. Fracassa, Westerly.

Carol A. Zangari, Providence.

---

## ORDER

This case came before the Supreme Court for oral argument on December 7, 1999, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Joseph Gencarelli (Joseph) and Giorgio Gencarelli (Giorgio) (collectively, Gencarellis) have appealed a Superior Court judgment entered on a jury verdict in favor of Debbie Strawderman (Strawderman). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

Following a trial in which Strawderman presented evidence that she sustained personal injuries when the car she was operating was broad-sided by the car Joseph was driving, the jury returned a verdict for Strawderman in the amount of $70,350, and judgment was entered.[1] The Gencarellis have appealed the trial justice's denial of their motion for a new trial and have alleged four prejudicial errors in evidentiary rulings in support of their motion for a new trial.

First, the Gencarellis contended that the trial justice erred in admitting evidence that Strawderman's pain had intensified as a result of the accident because foundation was lacking for that evidence.[2] Specifically, they pointed to the absence at trial of the SOAP (Subjective findings, Objective observation, Assessment, and Plan) notes taken during her visits prior to the accident by Strawderman's chiropractor, Jay McClure, D.C. (McClure). Without the notes, the Gencarellis argued, there was no evidence of Strawderman's medical condition before the accident, and therefore, no proof of her medical claim. This contention, however, failed to recognize evidence that was presented of heightened pain, including Strawderman's own recollections and McClure's opinion based upon his examination notes and his comparison of pre-accident and post-accident X-rays. Thus, the admission of this evidence was not prejudicial error.

Second, the Gencarellis contended that the trial justice failed to consider evidence that McClure had, in a previous report, assessed Strawderman's permanent partial impairment at fifteen percent, but at trial changed that assessment to ten percent. Because McClure testified that his initial assessment was a "guess," the Gencarellis asserted that there was a lack of medical foundation for his opinion, and therefore, the life tables introduced to supplement that testimony should not have been admitted. McClure, however, testified extensively at trial and sufficiently explained the discrepancy in his two assessments. In any case, neither his testimony, nor the records introduced to support it, were objected to at trial. "It is well established that 'this [C]ourt will not consider an issue raised for the first time on appeal that was not properly presented before the trial court.'" *State v. Gatone*, 698 A.2d 230, 242 (R.I.1997) (quoting *State v. Rivera*, 640 A.2d 524, 526–27 (R.I.1994)). Thus, we decline to consider this objection.

Third, the Gencarellis faulted the trial justice for allowing McClure to explain why he had testified in an unrelated matter that he always kept SOAP notes but did not have those notes available for this patient. Specifically, McClure was allowed to testify that his secretary "reminded me that we had done that sort of thing [opted for a maintenance plan instead of SOAP notes] with [Strawderman]." The trial justice explained that this out-of-court statement was offered for a purpose other than to prove the truth of the matter asserted but rather to explain McClure's inconsistent testimony. Therefore, the

---

1. Joseph was driving a vehicle owned by his father, Giorgio, at the time of the accident.

2. At the time of this accident, Strawderman was suffering from lower back problems, neck and shoulder pain, and headaches as a result of a 1982 motorcycle accident.

testimony was not inadmissible hearsay, *State v. Santos,* 122 R.I. 799, 820, 413 A.2d 58, 70 (1980), and its admission was not error.

Fourth, the Gencarellis have challenged the trial justice's admission of a hypothetical question posed to Strawderman by her counsel on how she would feel if she had to live with her present pain for the rest of her life. It is within the trial justice's discretion to find, as she did, that the evidence was relevant to the issue of the permanency of Strawderman's injuries and not so prejudicial as to warrant its exclusion.

Our review of a decision on a motion for a new trial will be overturned only if the judge was obviously mistaken or has overlooked or misconceived material evidence. *LaPre v. Ruggieri Bros., Inc.,* 688 A.2d 1298, 1299–1300 (R.I.1997) (per curiam). In deciding the new trial motion, the trial justice must consider the evidence in light of the jury instructions, *Avarista v. Alosio,* 672 A.2d 887, 893 (R.I.1996) and acting as a juror, weigh the evidence and assess the credibility of the witness. *Morrocco v. Piccardi,* 713 A.2d 250, 253 (R.I.1998). If the trial justice finds that the jury's verdict is justified, then the motion for a new trial must be denied. *LaFerrier v. Turillo,* 692 A.2d 692, 693 (R.I.1997) (mem.). The trial justice here found that there was sufficient evidence in this case on which the jury could find that Strawderman's injuries were aggravated as a result of the accident, that she was thus entitled to compensation, and that she was a credible witness.

Therefore, we conclude that there was no significant prejudicial error in any of the evidentiary rulings made by the trial justice. Moreover, the trial justice undertook the appropriate review in deciding to deny the defendants' motion for a new trial.

For these reasons, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers in this case may be returned.

