**Michael MARRA**

v.

**Joseph McDONALD d/b/a Kar Wash King—Power Wash.**

**No. 99–284–Appeal.**

Supreme Court of Rhode Island.

March 15, 2001.

Joel D. Landry, Providence, for Plaintiff.

Arthur D. Parise, Warwick, for Defendant.

Present WEISBERGER, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal challenges the propriety of a trial justice's exclusion of proffered expert testimony, as well as his ruling on a new-trial motion. The complaint in this case sought to establish liability for one party's transfer of hazardous waste to another.

The plaintiff, Michael Marra (Marra), appeals from a Superior Court judgment in favor of the defendant, Joseph McDonald d/b/a Kar Wash King Power—Wash (McDonald). Following a prebriefing conference, a single justice of this Court ordered the parties to show cause why the issues raised in this appeal should not be summarily decided. Because they have not done so, we proceed to decide the appeal at this time.

Marra was a general contractor who specialized in excavations involving drilling and blasting. He became acquainted with McDonald when he began patronizing McDonald's gas station and car wash in 1988. Apparently, McDonald's car-wash business received deliveries of soap and wax in large barrels. After using the contents, McDonald would save the barrels for landscapers and contractors, who sometimes asked whether they could take them, or else he would use them himself as trash containers. Marra noticed that McDonald used these large barrels in his business and he asked McDonald if he could remove some of them for his own use. On one occasion, Marra testified, he noticed some white barrels containing liquid, and inquired about the content of the liquid. According to Marra, McDonald and his assistant, James Coyle, told him that the barrels, which were capped and sealed, contained dirty water. Marra stated that, with McDonald's consent, he removed these barrels from McDonald's premises and brought them to his property in Smithfield.

Several months later, an inspector from the Department of Environmental Management (DEM) inspected Marra's property and determined that the barrels contained an admixture of gasoline and water. Eventually, DEM prosecuted and convicted Marra for possessing hazardous waste. Marra then approached McDonald and told him about the DEM report concerning the contents of the barrels. According to Marra, McDonald acknowledged that the barrels contained hazardous waste, but he

still refused to do anything about the barrels or their contents.

Marra claimed that he suffered extensive economic losses as a result of his conviction for possessing hazardous waste, alleging that he no longer could obtain the bonding required for construction work. As a result, he sought indemnification or contribution from McDonald. At trial, Marra presented the testimony of his insurance broker, Richard Bucki (Bucki), to show that the conviction had prevented him from acquiring the bonding he needed to work as a contractor. When McDonald objected to this testimony, the trial justice heard Bucki's testimony without the jury present to determine its admissibility. Bucki testified that he had contacted a bond exchange so that Marra could obtain a bond and submit a bid on a particular construction project. Bucki stated that he did not recall whether the bond application contained a question requiring the applicant to disclose any convictions for hazardous-waste possession. Yet, according to Bucki, when he asked the bonding company whether it would write a bond for an applicant that had been convicted of possessing hazardous waste, the bonding company indicated that it would not do so. As a result, Bucki stated, he advised Marra not to submit an application for a bond because the bonding company would not write one under these circumstances.

The trial justice determined that Bucki's testimony was inadmissible. He concluded that the witness was not an expert in the business of issuing or underwriting construction-performance bonds. He cited Bucki's testimony that he did not issue bonds, but merely transmitted information from the bonding company to the client. Bucki also testified that he had not previously been involved in obtaining performance bonds for applicants with criminal convictions. Therefore, the trial justice determined that he could not accept Bucki's opinion about whether Marra could obtain appropriate bonding for his construction work. Finally, the trial justice concluded that the evidence of Marra's inability to obtain a performance bond was too remote from the alleged fraudulent or negligent misrepresentation of McDonald to be considered relevant to Marra's lawsuit against McDonald.

On appeal, Marra contends that the trial justice erred in refusing to allow Bucki to testify. He argues that the trial justice improperly precluded the jury from assessing the harm caused to him as a result of McDonald's actions. McDonald counters that the trial justice correctly excluded the testimony of the insurance broker because Bucki lacked any knowledge about whether Marra qualified for a bond and, therefore, did not have the capacity to render an expert opinion on that subject.

 It is well settled that a trial justice's ruling on the admissibility of expert testimony will not be disturbed by this Court absent an abuse of discretion. See *Gallucci v. Humbryd*, 709 A.2d 1059, 1064 (R.I.1998). We apply a similar standard in reviewing a trial justice's rulings on questions of relevancy. Thus, we will not disturb decisions admitting or excluding evidence on relevancy grounds unless the trial justice had abused his or her discretion in doing so. See *Caranci v. Howard*, 708 A.2d 1321, 1325 (R.I.1998).

 Here, the trial justice determined that Bucki possessed insufficient expertise to express an opinion about whether Marra's conviction for possessing hazardous waste would prevent him from securing the required bonding. The witness testified that he did not have the capacity to issue a bond, nor did he have previous experience in obtaining bonds in cases involving an applicant with any sort of criminal conviction. Given these facts, we conclude that the trial justice acted within his discretion in finding that Bucki was not qualified to provide expert testimony on this subject. The trial justice also rejected Bucki's testimony on relevancy grounds, finding that the bonding incident described by Bucki would be too

remote in time from the alleged misrepresentation. The trial justice pointed out that Bucki's testimony concerned a 1996 bond application, whereas McDonald's conduct in transferring the barrels to Marra occurred in 1990 or 1991. In addition, in a previous discussion concerning this issue, the trial justice seemed to suggest that Marra's conviction was the result of his own choice to pursue a legal remedy against DEM, rather than simply admitting to possession of hazardous waste and disposing of the waste when he first was notified of the infraction. Although it is not necessary for us to decide this issue in light of our decision to uphold the exclusion of Bucki's expert opinion, these additional findings further support our conclusion that the trial justice did not abuse his discretion in excluding the testimony of Marra's expert witness.

Marra next argues that the trial justice erred in denying his motion for a new trial. In his decision, the trial justice noted that if McDonald's transfer of hazardous waste to Marra was unlawful, so was its receipt and retention by Marra. Marra then points to the portion of the trial justice's decision where he indicates that he believed Marra when he testified that he thought McDonald was giving him dirty wash water. Marra argues that he cannot be characterized as a violator if he did not know that the product he was receiving was hazardous waste.

We conclude that Marra has taken the trial justice's statement out of context and then misinterpreted his reasoning. Marra testified that he thought he was receiving barrels full of dirty wash water—but not hazardous waste. Although the trial justice found Marra to be credible, he also stated that he believed McDonald, who asserted that Marra knew he was getting barrels full of water and petroleum product. Finding both stories "about even[ly]" credible, the trial justice concluded that Marra had failed to satisfy his burden as plaintiff of proving his claim by a preponderance of the evidence. Therefore, because the evidence was evenly balanced and Marra had failed to tip the evidentiary scales in his favor, the trial justice denied his motion for a new trial.

■ This Court will not disturb a trial justice's decision on a new trial motion unless the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong. *See Kurczy v. St. Joseph Veterans Association, Inc.,* 713 A.2d 766, 770 (R.I.1998); *Izen v. Winoker,* 589 A.2d 824, 828–29 (R.I.1991). Here, the trial justice reviewed the evidence and assessed the credibility of the witnesses. He determined that the evidence was evenly balanced and that he agreed with the verdict of the jury. *See Kurczy,* 713 A.2d at 770–71; *Ruggieri v. Big G Supermarkets, Inc.,* 114 R.I. 211, 215–16, 330 A.2d 810, 812 (1975). We can discern no indication that the trial justice overlooked or misconceived evidence or was otherwise clearly wrong in this decision.

In light of the foregoing, we deny Marra's appeal and affirm the Superior Court's judgment.

WILLIAMS, C.J., did not participate.