### Joao RAMOS

v.

### Christine Catanzaro D'ORSI.

### No. 2000–141–A.

Supreme Court of Rhode Island.

Nov. 14, 2001.

John F. McBurney, Robert D. Goldberg, Pawtucket.

Patrick B. Landers, Providence.

### ORDER

This appeal challenges an order granting a new trial to the plaintiff, Joao Ramos. The defendant, Christine Catanzaro D'Orsi, contends that the trial justice erred in granting the motion because the jury's verdict was supported by competent evidence about which reasonable minds could arrive at different conclusions. Following a prebriefing conference, a single justice of this Court directed the parties to show cause why the appeal should not be summarily decided. Because neither party has done so, we proceed to decide the appeal at this time.

The defendant's car rear-ended plaintiff's car as part of an accident involving three cars at the bottom of an off ramp from a highway. After hearing the evidence at trial, the jury returned a verdict in favor of defendant. Thereafter, plaintiff filed a motion for a new trial. The Superior Court granted plaintiff's motion. The trial justice stated that in assessing the credibility of the witnesses he did not believe defendant's version concerning how the accident occurred. He found that defendant's story that plaintiff's car bounced back into defendant's car defied "common sense, logic and would not have been a proper inference to have drawn from the evidence." He further found that it would have been completely wrong for the jury to conclude that defendant's vehicle "was not the proximate cause of some, if not all, of the series of injuries to the plaintiff." Because he believed that the jury's verdict did not do substantial justice between the parties, he granted plaintiff's motion for a new trial.

On appeal, defendant argues that the trial justice overlooked material evidence in granting a new trial because reasonable minds could have come to different conclusions in light of the evidentiary record. The defendant contends that the jury could have reasonably rejected the plaintiff's version of the accident and accepted her account. In addition, she asserts, competent evidence existed to demonstrate that both plaintiff and the third driver were negligent in operating their vehicles in an unfamiliar area, and that they were the proximate cause of the injuries suffered. Also, argues defendant, the jury could have rejected plaintiff's contradictory and inconsistent testimony. She further argues that the testimony of a detective and the photographic evidence indicated that plaintiff's vehicle did not incur any damage in the accident. The defendant argues that this evidence demonstrat-

ed that she could not have proximately caused any injury to plaintiff.

The plaintiff responds that the inconsistencies in his testimony were minor and did not go to the heart of the case. He argues that the trial justice properly rejected defendant's testimony and granted a new trial because her testimony defied the scientific laws of gravity and motion. The plaintiff points out that the passenger in the first vehicle suffered a head injury, which bolsters his account that a second forceful impact had occurred. He argues that defendant's version of the events was not credible.

In discussing a trial justice's role in handling a motion for a new trial, this Court has stated that a trial justice acts:

"as a 'super juror' or a 'thirteenth juror' in that he [or she] makes an independent appraisal of the evidence in the light of his [or her] charge to the jury. He [or she] can weigh the evidence and assess the witnesses' credibility. He [or she] can reject some evidence and draw inferences which are reasonable in view of the testimony and evidence in the record. After he [or she] finishes his [or her] sifting of the evidence * * * [i]f he or she determines that the evidence presented an 'evenly balanced reasonable minds could differ' situation, he [or she] denies the motion. On the other hand if he or she is of the opinion that the verdict is not a proper response to the evidence, he or she grants the motion." *Kurczy v. St. Joseph Veterans Association,* 713 A.2d 766, 770 (R.I.1998) (quoting *State v. Doctor,* 690 A.2d 321, 329 (R.I.1997) (quoting *Ruggieri v. Big G Supermarkets,* 114 R.I. 211, 215–16, 330 A.2d 810, 812 (1975)).

If a trial justice properly reviews the evidence, commenting on the weight of the testimony and the credibility of witnesses while using his or her independent judgment, the decision on a new-trial motion will not be overturned unless he or she overlooked or misconceived material evidence or was clearly wrong. *Kurczy,* 713 A.2d at 770 (quoting *Pantalone v. Advanced Energy Delivery Systems,* 694 A.2d 1213, 1216 (R.I.1997)).

The trial justice in this case commented on the credibility of the defendant's testimony and sifted through the evidence. It does not appear to us that the trial justice was clearly wrong in granting a new trial. In light of the slow speed of the defendant's vehicle (less than 5 m.p.h.) and the slight downward incline of the off ramp where the accident occurred, the trial justice had a sound factual basis on which to reject the defendant's "bounce back" story as incredible. Also, the inconsistencies in the plaintiff's testimony do not appear to have been substantial enough to undercut his description of the accident, especially when his version of the events was confirmed by other witnesses. Additionally, the plaintiff and the driver of the first car testified that the plaintiff could not lie down at the hospital, which indicated that he had suffered an injury in the accident. With the defendant's testimony rejected as incredible, the jury's verdict would not have been a proper response to the evidence because all the other witnesses' testimony indicated that the defendant hit the plaintiff from behind.

We deny the appeal and confirm the order granting a new trial.

Justice GOLDBERG did not participate.