MURIEL FITZGERALD *vs.* NATHANIEL J. RENDENE.

THOMAS FITZGERALD *vs.* NATHANIEL J. RENDENE.

JUNE 2, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. These actions of trespass on the case for negligence were tried together to a jury in the superior court and resulted in verdicts for the plaintiffs, who are husband and wife, in the respective amounts of $1,077.54 and $3,275. Each case is here on the exception of the defendant to the decision of the trial justice granting the plaintiff's motion for a new trial solely on the question of damages unless in the husband's case the defendant consented to an additur of $622.46 and in the wife's case to an additur of $9,725. Our reference hereinafter to the plaintiff will be to Muriel Fitzgerald.

The causes of action arose out of an automobile accident in which a car owned and operated by defendant collided with a car owned by plaintiff's husband in which she was riding as a passenger. The collision resulted in injuries to her and also damage to the automobile. The evidence as to the extent of plaintiff's injuries is in conflict.

The only questions raised by defendant are whether the trial justice was clearly wrong in finding that each verdict was grossly inadequate and in fixing the amounts of the additurs. On a motion for a new trial on the ground of inadequacy of damages it is the duty of the trial justice to exercise his independent judgment on all the evidence material to the question of damages in the light of his charge to the jury, to weigh such evidence and to pass on the credibility of the witnesses. *O'Brien* v. *Waterman*, 91 R. I. 374.

In the performance of that duty the trial justice carefully screened the material evidence and in the course thereof rejected the medical testimony of Dr. J. Wallace Conklin who, appearing for defendant, testified that there was no causal connection between plaintiff's conceded state of

depression and the accident. On the other hand, he found that Drs. Thomas C. McOsker and John F. Lowney, Jr., called respectively by defendant and plaintiff, gave the only medical testimony of "probative value or credibility." The former testified that plaintiff had a "Chronic anxiety state made worse by trauma," that "her emotional reaction to this accident was greater than one would expect considering the type of accident," and that she had an emotional problem the precipitating cause of which could have been and probably was the accident. This testimony the trial justice equated with that of Dr. Lowney, a psychiatrist, which was that as a result of the accident plaintiff suffered a posttraumatic depressive reaction.

Having in the exercise of his independent judgment weighed the evidence and passed on the credibility of the witnesses, the trial justice was then in a position to determine whether there was such a demonstrable disparity between the awards and the damages sustained as a consequence of the injury as to make the verdicts grossly inadequate. If so, substantial justice between the parties would not be achieved and the verdicts would not respond truly to the real merits of the controversies on the evidence submitted. Our careful examination of the transcript does not disclose that the trial justice either overlooked or misconceived any material evidence or applied an erroneous rule of law. In such circumstances his decision that the awards were grossly inadequate is entitled to great weight and his findings of fact on the evidence will not be set aside unless clearly wrong.

There is no merit in defendant's contention that the trial justice did not conform with the rule in *Tilley* v. *Mather*, 84 R. I. 499, which made it incumbent upon him to indicate reasonably the grounds upon which he held the damages to be grossly inadequate. The trial justice questioned the jury's failure to consider the psychiatric condition of plaintiff which resulted from the accident, and it

can fairly be implied from what he said that in his opinion they reached their verdicts on the issues of damages in reliance upon the testimony of Dr. Conklin rather than on that of the other witnesses. The medical testimony accepted by him, the trial justice noted, was supported by that of disinterested witnesses who testified that plaintiff's post-accident condition was substantially different from what it had been prior thereto. From our examination of the transcript it is abundantly clear that the trial justice was correct in his evaluation as to the basis for the jury's findings on damages and in his conclusion that the awards would have been higher if the jury had not, as found by the trial justice, determined that plaintiff's emotional difficulties did not stem from or were not aggravated by the accident.

The defendant misconceives our decision in *Colantonio* v. *Ellinwood,* 96 R. I. 226, 190 A.2d 584, when he argues that because there was conflicting evidence on the question of liability it was error for the trial justice to grant new trials solely on the issue of damages in the event of refusal to file the required consents to the additurs. In that case, citing *Loughran* v. *McKenna,* 60 R. I. 453, and *Sayegh* v. *Davis,* 46 R. I. 375, we held that it would have been error for the trial justice to award a new trial on damages only "If there were some ground in the evidence for a strong suspicion that the award of inadequate damages was the result of a compromise by the jury on the question of liability * * *." The trial justice, notwithstanding that there was no motion before him in either case by defendant for a new trial, approved each verdict on the question of liability. The defendant before us has suggested no suspicion which would indicate a compromise verdict in either case on the issue of liability, nor has any been revealed as a result of our examination of the record. In these circumstances it was not error for the trial justice to limit the new trial in each case to damages only.

There remains only the question of whether the evidence reasonably supports the additurs fixed by the trial justice. There is no precise formula by which the amount of an additur may be determined and we are reluctant to interefere with the findings of the trial justice on that issue unless it clearly appears that the damages as added to by him are excessive. This is so even when an increase is substantial, that fact alone not being sufficient justification for us to disturb his finding so long as the increase granted is not unreasonable. *Colantonio* v. *Ellinwood, supra.* Taking into account the expenses and loss of earnings already incurred and those which may reasonably be anticipated will be incurred, and considering also the mental anguish and anxiety suffered by plaintiff and from which she will continue to suffer, we cannot say that the trial justice who observed and heard the plaintiff and the other witnesses in the courtroom and on the witness stand was clearly wrong in fixing the amounts of the additurs or that the amounts thereof were unreasonable.

In each case the defendant's exception is overruled, and each case is remitted to the superior court for a new trial on damages only unless the defendant shall, within the period to be fixed by that court, consent to the additur heretofore awarded by the trial justice.

## On Motion to Reargue.

### JUNE 16, 1964.

Per Curiam. After our decision in the above cases was filed, the defendant by permission of the court presented a motion for leave to reargue setting forth therein certain reasons on which he bases his contention that justice requires a reargument.

We have carefully considered them and are of the opinion that they present nothing which in the circumstances warrants a reargument.

Motion denied.

*John F. Sheehan, Alfred Factor,* for plaintiffs.

*Coffey, Ward, McGovern & Novogroski, Charles J. Mc-Govern,* for defendant.

