*288 A.2d 265.*

ALFREDO M. SILVERIO *vs.* RICHARD A. SWEETMAN.

MARCH 7, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. A jury in the Superior Court awarded the plaintiff $2,500 as compensation for the injuries he sustained when he was struck by an automobile operated by the defendant. Not satisfied with that award, the plaintiff asked for an "additur and/or a new trial." His motion was granted and a new trial on the question of damages only was ordered unless the defendant consented to an additur in the amount of $5,000. The defendant refused to consent and appealed.

In pressing his appeal defendant does not contend that the amount of the additur was excessive or unreasonable, and that, therefore, we should recompute it. Instead, he argues that no additur whatsoever should have been granted. He supports that argument with the claim that the trial justice misconceived certain material evidence when he passed on the motion for a new trial. However, our own examination of the transcript satisfies us that the trial

justice neither misconceived nor overlooked any material evidence on the question of damages, and that he did not otherwise err when in the performance of his obligations he found such a demonstrable disparity between the jury's verdict and the damages sustained that an additur was required in order to make the verdict truly responsive to the merits of the controversy and to achieve substantial justice between the parties. In the circumstances it was not error for him to grant a new trial conditioned on defendant's consent to an additur. *DiBattista* v. *Lincoln,* 109 R. I. 412, 286 A.2d 591 (1972); *Ruggieri* v. *Ventalume Window & Door Products, Inc.,* 108 R. I. 514, 277 A.2d 296 (1971); *Webbier* v. *Thoroughbred Racing Protective Bureau, Inc.,* 105 R. I. 605, 621, 254 A.2d 285, 294 (1969); *Handy* v. *Geary,* 105 R. I. 419, 437, 252 A.2d 435, 444-45 (1969); *Fitzgerald* v. *Rendene,* 98 R. I. 239, 201 A.2d 137 (1964).

The defendant's objection is overruled and the case is remitted to the Superior Court for a new trial on damages only unless the defendant shall, within the period to be fixed by that court, consent to the additur heretofore awarded by the trial justice.

*George C. Berk, Manuel A. DeCarvalho,* for plaintiff.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* for defendant.