330 A.2d 62.

ADELLA PIMENTAL *et al. vs.* NORMAN D'ALLAIRE *et al.*

JANUARY 9, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. The plaintiffs brought this action for alleged negligence to recover for property damages and personal injuries resulting from an accident involving a motor vehicle operated by the plaintiff Adella Pimental, and one owned by the defendant Dorothy D'Allaire and operated by the defendant Norman D'Allaire. The case was heard before a justice of the Superior Court sitting with a jury which returned a verdict in the sum of $3,080 for the plaintiff Adella Pimental and $746.48 for her husband for consequential damages. Subsequently, the plaintiffs moved for an additur or in the alternative a new trial on the issue of damages. The motion was denied and the plaintiffs appealed to this court.[1]

Only a brief discussion of the facts is necessary. Mrs. Pimental was traveling behind a pickup truck and an automobile. The automobile stopped to pick up hitchhikers, necessitating both the driver of the pickup truck and Mrs. Pimental to stop. Mrs. Pimental was stopped in the middle of a street when the automobile driven by defendant Mr. D'Allaire struck her automobile from the rear.

### The Motion for a Directed Verdict

The first issue raised by this appeal pertains to the correctness of the trial justice's denial of plaintiff's motion for a directed verdict on the issue of liability at the close of all the evidence. The plaintiff maintains that there was neither a scintilla of evidence as to plaintiff's contributory negligence, nor any question as to defendant's negligence. The plaintiff further argues that the trial justice's failure to direct a verdict resulted in some compromise of liability as implied by the amount of the award. We are convinced that this argument is without merit.

---

[1]Although the claim of appeal indicates that both plaintiffs filed an appeal, this proceeding involves only the appeal of Adella Pimental, and therefore reference will be made solely to her as the plaintiff.

156

The plaintiff correctly cites our rule governing the denial of a directed verdict. *See Hamrick* v. *Yellow Cab Co.,* 111 R. I. 515, 304 A.2d 666 (1973), where we said that the trial justice must view all the evidence in a light most favorable to the adverse party and is obliged to give such party the benefit of all reasonable and legitimate inferences which may be properly drawn therefrom without sifting or weighing the evidence or exercising the justice's independent judgment as to the credibility of witnesses; and, if after taking such a view, he finds that there exists issues upon which reasonable persons might draw conflicting conclusions, he should deny the motion and the issues should be left to the jury to determine. When the Supreme Court reviews the trial justice's decision on a motion for a directed verdict, the court looks at the evidence in the same manner and fashion as the trial justice and is bound by the same rules which govern him. *Hill* v. *A. L. A. Constr. Co.,* 99 R. I. 228, 206 A.2d 642 (1965).

In reviewing the record by this standard, we find that there were fact questions pertaining to liability, especially with respect to the question of whether defendant's negligence was the proximate cause of plaintiff's condition or whether her condition was the result of prior injuries. In the circumstances the trial justice correctly allowed the case to go to the jury. This is true notwithstanding the trial justice's statement, when passing on plaintiff's motion for an additur or a new trial on the question of damages only, that "* * * in this case there wasn't much doubt about liability. It was a rear end collision. Clearly the defendant was responsible and at fault." The duty of the trial justice and his view of the merits in passing on the motion of an additur or a limited new trial are different from his duty and view of the merits in passing on a motion for a directed verdict.

As seen below, on a motion for an additur or a new

trial the trial justice passes upon the weight of the evidence and makes his own determinations of credibility. The trial justice is precluded from doing so, however, under the directed verdict standard of *Hamrick* v. *Yellow Cab Co., supra.*

### The Motion for an Additur or a New Trial on Damages Only

The plaintiff's second argument is that the $3,080 verdict awarded by the jury was solely compensatory and that the jury completely ignored the elements of pain and suffering and bodily injuries. The record does not support this contention. There is no clear indication that the jury ignored any consideration of these elements. The trial justice noted in his decision denying plaintiff's motion that the jury was justified in concluding on the facts that plaintiff's claims of pain and suffering were exaggerated and that the sum awarded was sufficient compensation for pain and suffering and loss of income. It is also worthy to note that there was sufficient evidence to cast doubt upon the accident as the legal cause of her total absence from work. Since there exists a reasonable basis for the award, we think that plaintiff's argument does not fall within the ambit of the "grossly inadequate" standard delimited in *Fitzgerald* v. *Rendene,* 98 R. I. 239, 201 A.2d 137 (1964).

The plaintiff further argues that the trial justice erred in ruling upon her motion for an additur or in the alternative for a new trial on the issue of damages. The rule for either alternative is substantially the same. In *Dawson* v. *Rhode Island Auditorium, Inc.,* 104 R. I. 116, 122-23, 242 A.2d 407, 412 (1968), we set out the rule governing the duty of the trial justice in granting a new trial as follows:

> "He must utilize his superior judgment by independently reviewing all of the material evidence, passing upon the weight thereof, and determining the amount

of credibility which he believes should be attached to the witnesses who appear before him. In carrying out this important function, the trial justice is permitted to reject some evidence or testimony, either because it was impeached, or contradicted, or because other circumstances render it inherently improbable; he may also draw inferences which are reasonable in view of the testimony and evidence which are in the record. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836. Upon scrutinizing all the evidence in the fashion and manner outlined in *Barbato,* the trial justice must then relate in his ultimate decision those portions of the evidence which he rejects, those principal witnesses who in his opinion are worthy of belief or disbelief, those inferences and conclusions he has drawn and the reasons which influence his determination. (citation omitted)

"After conforming with the above requirements, the trial justice must elect one of two paths to follow; first, in those instances in which his judgment tells him that the evidence is so evenly balanced that reasonable men could arrive at different results in the consideration of the case, he is obliged to deny the motion and to affirm the verdict. (citation omitted) On the other hand, in those instances when the trial justice is satisfied that the verdict is contrary to the fair preponderance of the evidence and thereby fails either to respond to the merits of the controversy or to bring substantial justice to the parties, the motion must be sustained and the verdict set aside."

In the instant case the trial justice in considering plaintiff's motion has performed his duty in accordance with the guidelines set forth in *Dawson* and *Barbato,* both *supra.* In reviewing the evidence, he noted that one of the key factors was that the accident involved a very slight rear-end collision. He noted that the plaintiff had received a slight cervical strain. The trial justice thought that plaintiff had not sustained the burden of proving how long she would have been incapacitated from the accident irrespective of other possible causes present at the time.

He referred to the evidence that she was asymptomatic for a period of time. He noted also that there were significant time lapses in seeing original medical attention and intermediary medical services thereafter. Finally, the trial justice referred to the doctor's direct testimony that the spasm in her neck was gone after the third visit and that the low back spasm did not appear until more than 2 months after the accident. He stated that reasonable minds could conclude that the low back spasm had nothing to do with the accident. He implied his own basic agreement with the jury award when he remarked that he might have returned a verdict a "bit higher." We read this remark as indicating that he did not find a demonstrable disparity to bring the verdict within *DiBattista* v. *Lincoln,* 109 R. I. 412, 286 A.2d 591 (1972), and we find no error in his assessment.

We believe that in his recitation of the evidence, and his stated reasons, the trial justice has implied the basis for his rejection of any contrary evidence which conflicted with his findings. We find that the trial justice has properly performed his duty.

On appeal from an adverse ruling on a motion for a new trial in cases where the trial justice properly performs his function, the plaintiff must persuade this court that the trial justice in deciding the motion was clearly wrong or overlooked or misconceived material evidence on a controlling issue in the case. *Labbe* v. *Hill Bros.,* 97 R. I. 269, 197 A.2d 305 (1964). The prime contentions of plaintiff are that the trial justice's decison ignored evidence relating to the low back injuries, the necessity for narcotic pain medication to relieve pain and use of vitamin B-12 for nerve irritation along with muscle relaxants. The plaintiff also argues that the trial justice ignored the testimony that her symptoms were so severe that one doctor thought she had a lumbar disc herniation. Finally, plain-

tiff argues that the trial justice misconceived the length of time that she suffered from various injuries.

The answer to all these contentions is that the trial justice did not base his decision on misconception, but rather on credibility and on the weight of the evidence. The precise issues were the severity of the pain and the length of time it took for Mrs. Pimental to recover from the lumbar injuries received as a result of the accident. From the factual recitations above it is clear that the trial justice was of the opinion that severity, recovery, and causation could be reasonably established from testimony other than that given by the doctor. In *DiMaio* v. *Del Sesto*, 102 R. I. 116, 228 A.2d 861 (1967), we said that the failure of a trial justice to refer to evidence contradictory to that upon which he relied, does not constitute misconceiving or overlooking material evidence providing that the trial justice referred to those parts of the evidence on which he did rely and indicated contrary evidence which he rejected. An attentive reading of his written decision satisfies this court that he fairly indicated the evidence on which he relied in his findings on severity, recovery and causation.

The plaintiff's appeal is denied and dismissed.

*Lovett & Linder, Ltd., Stephen G. Linder, for plaintiffs.*

*Keenan, Rice, Dolan, Reardon & Kiernan, Leonard A. Kiernan, Jr., James A. Currier, for defendants.*