John CARLIN

v.

**PARKVIEW SERVICE COMPANY et al.**

**No. 92-424-Appeal.**

Supreme Court of Rhode Island.

May 27, 1993.

Richard A. Boren, Licht & Semonoff, Providence, for plaintiff.

John G. Rallis, Boyer, Reynolds & DeMarco, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before this court for oral argument on May 10, 1993, pursuant to an order directed to the defendants, Parkview Service Company and Richard Simonian, to appear and show cause why we should not deny their appeal summarily. After hearing the arguments and reviewing the memoranda of counsel, we believe the defendants have failed to show cause.

This case involved an accident in which defendant Richard Simonian, while operating a tow truck, struck and injured John Carlin, plaintiff in this case. Following a jury trial, the jury returned a verdict finding plaintiff to be 90 percent negligent and defendants to be 10 percent negligent. The jury assessed plaintiff's damages at $3,600, for a total award of $360 to plaintiff. The plaintiff moved for a new trial and/or for an additur, and the trial justice granted him a new trial. On this appeal defendants contend that the trial justice abused his discretion in granting plaintiff a new trial.

The standard for reviewing a motion for a new trial is well settled in this jurisdiction. The trial justice must review the evidence, passing upon its weight and credibility. *Pimental v. D'Allaire*, 114 R.I. 153, 157-58, 330 A.2d 62, 64-65 (1975) (quoting *Dawson v. Rhode Island Auditorium, Inc.*, 104 R.I. 116, 122-23, 242 A.2d 407, 412 (1968)). The trial justice must set forth in his or her decision the evidence he or she accepts or rejects. If the evidence is evenly balanced so that reasonable people could arrive at different results, the trial justice must deny the motion. 114 R.I. at 158, 330 A.2d at 65. If the trial justice

finds that the verdict is contrary to the fair preponderance of the evidence and fails either to respond to the merits of the controversy or to accomplish substantial justice between the parties, the trial justice should grant the motion and set aside the verdict. *Id.*

■ The defendants contend that the trial justice erred in reviewing this new-trial motion in two respects. First, defendants argue that the trial justice overlooked competent evidence that supported the jury verdict. Second, defendants maintain that the trial justice treated plaintiff's violations of certain rules-of-the-road statutes, including G.L.1956 (1982 Reenactment) §§ 31–20–10, 31–22–2, and 31–18–8, as negligence per se, rather than treating the statutory violations as evidence of negligence.

We are not persuaded by the defendants' arguments. The record supports the trial justice's conclusion that the jury verdict was contrary to the fair preponderance of the evidence and failed to do substantial justice between the parties. We also found no evidence in the record to indicate that the trial justice treated the statutory violations as negligence per se. The trial justice simply commented that he could not conceive of how the jury reached its verdict in light of the statutory violations. The trial justice found the statutory violations to be evidence that the jury misconceived and misapplied the law in this case. We conclude that the trial justice correctly granted the plaintiff a new trial.

We deny and dismiss the defendants' appeal and affirm the judgment of the Superior Court.