John M. CICILLINE

v.

FORD MOTOR CREDIT COMPANY et al.

No. 97–217–Appeal.

Supreme Court of Rhode Island.

May 31, 2000.

Randy Olen, Providence, for plaintiff.

Paul A. Anderson, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This case came before the Court for oral argument on May 9, 2000, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, John M. Cicilline (Cicilline or plaintiff), was injured in an automobile accident on November 22, 1991. During a trial by jury, which was held in September 1996, plaintiff testified that he experienced pains in his neck, shoulders, back, and left arm as a result of the accident. The plaintiff testified that he had a Magnetic Response Imaging (MRI) Test, and that it revealed that he suffered from several herniated disks and osteoarthritis. He also contended that his injuries were of a permanent nature and that, as a result of these injuries, he had to stop playing such sports as golf and had to cancel his membership at the Alpine Country Club. His accountant testified that he lost approximately $25,000 in revenues in his law practice. The plaintiff attributed this loss to injuries that prevented him from spending long periods on the job. At the conclusion of the trial, the jury returned a verdict for plaintiff in the amount of $10,000. The award consisted of $4,200 for his medical expenses, a figure that covered the full amount of his medical bills, and $5,800 for his pain and suffering.

The plaintiff subsequently filed a motion for a new trial, arguing that the verdict was against the law and the evidence, that it was grossly inadequate, and that it failed to do substantial justice between the parties. The plaintiff argued that the jury's verdict failed to award him adequate compensation in light of his lost earnings, and his continuing pain and suffering. The trial justice denied the motion on September 26, 1996, concluding that there was enough credible evidence to support the jury's verdict. Thereafter, plaintiff filed a motion for additur, which the trial justice treated as a renewed motion for a new trial with an added request for an additur. On November 18, 1996, the trial justice denied this motion for the same reasons that he denied the motion for new trial. The plaintiff filed a notice of appeal to this Court.

On appeal, plaintiff argues that the trial justice erred in denying the motions for new trial and for additur because the jury verdict did not do substantial justice between the parties. The plaintiff argues that the paucity of the award is shocking, and that the jury was improperly influenced by plaintiff's status as a successful attorney and did not appraise the case as one of an injured man who was trying to receive compensation for his pain and loss of income. Specifically, plaintiff argues that although the jury awarded him his medical bills, it did not adequately compensate him for his pain and suffering, and completely ignored his lost earnings.

 "On a motion for a new trial on the ground of inadequacy of damages it is

the duty of the trial justice to exercise his [or her] independent judgment on all the evidence material to the question of damages in the light of his [or her] charge to the jury, to weigh such evidence and to pass on the credibility of the witnesses." *Fitzgerald v. Rendene,* 98 R.I. 239, 240, 201 A.2d 137, 138 (1964). After weighing the evidence and passing on the credibility of the witnesses, the trial justice is in a position

> "to determine whether there was such a demonstrable disparity between the awards and the damages sustained as a consequence of the injury as to make the verdicts grossly inadequate. If so, substantial justice between the parties would not be achieved and the verdicts would not respond truly to the real merits of the controversies on the evidence submitted." *Id.* at 241, 201 A.2d at 138.

If, however, "the evidence is evenly balanced so that reasonable people could arrive at different results, the trial justice must deny the motion." *Carlin v. Parkview Service Co.,* 625 A.2d 212, 212 (R.I.1993) (citing *Pimental v. D'Allaire,* 114 R.I. 153, 158, 330 A.2d 62, 65 (1975)). "This Court will affirm a trial justice's decision on a motion for a new trial as long as the trial justice conducts the appropriate analysis, does not overlook or misconceive material evidence, and is not otherwise clearly wrong." *Morrocco v. Piccardi,* 674 A.2d 380, 382 (R.I.1996) (citing *International Depository, Inc. v. State,* 603 A.2d 1119, 1123 (R.I.1992)).

The trial justice did not err in denying plaintiff's motion for new trial and for additur. In denying plaintiff's motion for a new trial, the trial justice found that there was sufficient credible evidence in the record to support the jury's verdict. With respect to the lost revenues, the trial justice noted that two reasonable inferences could be drawn from the financial records that were introduced at trial. First, the jury could have believed that plaintiff's accident led to the $25,000 decline in revenues. However, the jury could equally have believed that the decline in revenues was attributable to the fluctuations of the marketplace. The second position is certainly bolstered by several other pieces of evidence adduced at trial. First, evidence introduced at trial showed that plaintiff's revenues had declined by $10,000 in 1990, the year before his accident. In 1991, plaintiff's revenues declined about $25,000 more. The plaintiff's accident occurred in November 1991. In 1992, revenues began to rise again, and they continued to rise until 1994. This evidence clearly supports a finding that plaintiff's lost revenue was a result of economics, not plaintiff's injury.

Furthermore, the trial justice also found that the jury's $5,800 award for pain and suffering was supported by the record. First, even during the six weeks when plaintiff's pain was greatest, plaintiff was still going to the office, making himself visible, and maintaining his law practice. He also presented himself at trial as a vigorous, resilient man, "instead of being wheeled in here on a pallet, not having worked for five years, moaning and groaning about his case." Based on his presence at trial, the trial justice found that "this jury could sit there and say look, this man is rushing here and there to various Courthouses, he's trying jury trials, he does not appear, at least visibly on the stand to be incapable of movement and so on * * *." This conclusion is supported by expert testimony that established that, in some patients, a herniated disc does not cause any pain. Finally, evidence was introduced that plaintiff left his country club because of a problem he developed in his thumb that had nothing to do with the car accident.

Our review of the record indicates that the trial justice analyzed the evidence relating to damages, and exercised his independent judgment in respect to the credibility of the witnesses and the weight of the evidence presented. Having done this, the trial justice found that the evidence was so evenly balanced that reasonable

minds might fairly come to different conclusions. In reaching this conclusion, the trial justice did not overlook or misconceive material evidence, nor was he clearly wrong.

In light of our disposition of this appeal on its merits, we need not consider the procedural issues raised by the defendants concerning the reinstatement of the plaintiff's appeal following a dismissal for failure to file a timely prebriefing statement.

For the reasons stated, the appeal of the plaintiff is denied. The judgment entered in the Superior Court is hereby affirmed.