Thomas S. **MICHALOPOULOS**

v.

**C & D RESTAURANT, INC.,** d/b/a **"Eddie and Conrad's Fine Foods."**

No. 99–222–Appeal.

Supreme Court of Rhode Island.

Jan. 8, 2001.

Gerald F. McAvoy, Providence, for Plaintiff.

Joseph Salvadore, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

After a jury trial in this negligence action, the defendant, C & D Restaurant, Inc., d/b/a "Eddie and Conrad's Fine Foods" (the defendant), appeals from the denial of its motion for judgment as a matter of law; the admission of certain expert opinion testimony; and the trial justice's reapportionment of liability between the parties after granting the plaintiff's motion for an additur. The case came before a single justice of this Court, who directed the parties to appear and

show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we are of the opinion that cause has not been shown, and we proceed to resolve the appeal at this time.

The facts in this case essentially are undisputed. On July 17, 1993, at approximately 11:30 p.m., the plaintiff, Thomas S. Michalopoulos (the plaintiff), was injured while removing disc jockey equipment from the defendant's premises. It appears that the plaintiff was carrying approximately forty-five to fifty pounds of equipment when he stepped across some nineteen inches from an elevated platform to a set of stairs leading to the back door. According to the plaintiff, as he was placing his right foot on the top step, the stairs went out from under him. He landed on the floor and struck his back against the elevated platform. Before he fell, the plaintiff was unaware that the stairs were movable.

The record reveals that the distance from the floor to the elevated platform was approximately twelve and one-half inches with no steps. The distance from the floor to the top step of the back door stairs was approximately fifteen inches. The stairs weighed thirty-five to forty pounds and were not affixed to the wall or the floor. The smooth wooden base of the stairs sat on a smooth, wooden floor with a polyurethane-finish. There was evidence of scuff marks on the floor at either side of the base of the stairs. The room itself, as well as the stairs and the elevated platform, was constructed in 1972 in accordance with specifications prepared by Conrad Langevin, the owner of C & D Restaurant, Inc.

Following a five-day trial, a Superior Court jury returned a verdict finding the plaintiff to be 80 percent negligent and the defendant to be 20 percent negligent. The jury assessed total damages for the plaintiff in the amount of $172,712.69 and, after apportioning the comparative negligence of the parties, awarded the plaintiff a total of $34,542.42, plus interest and costs. The plaintiff moved for a new trial and/or an additur on the issue of damages only, asserting that the apportionment of liability was against the weight and credibility of the evidence. The trial justice agreed and granted the plaintiff's motion for a new trial, granted the plaintiff's motion for an additur, and reapportioned the comparative negligence of the parties. He determined that the defendant was 60 percent negligent and the plaintiff was 40 percent negligent.

## Analysis

■ The defendant here on appeal asserts that the trial justice erred in permitting L. Robert Smith (Smith), a civil engineer, to express an opinion about the cause of certain scuff marks on the floor beneath the stairs and to opine that other people previously had used the stairs in the same manner as did the plaintiff. The defendant contends that this opinion testimony was inadmissible because Smith did not conduct "any tests, evaluation, measurements to buttress an opinion as to the cause, manner, means and mechanism of the floor markings."

The record reveals that before testifying as to his opinion, Smith reviewed pertinent building codes, observed the area where the accident occurred, took measurements and performed several tests. Considering that "[a]n expert's opinion may be based on * * * facts or data perceived by the expert at or before the hearing, or facts or data in evidence" (Rule 703 of the Rhode Island Rules of Evidence), we are of the opinion that the trial justice did not err when he permitted the introduction of Smith's opinion testimony.

■ At the close of the plaintiff's case, the defendant moved for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure. The trial justice denied the motion. The defendant later renewed the motion following the presentation and close of its evi-

dence. Again, the trial justice denied the motion and the case went to the jury. On appeal, the defendant asserts that the trial justice erred in denying its motion for judgment as a matter of law and contends that the plaintiff produced no evidence that the movable stairs constituted a defective or dangerous condition, or that such condition caused the plaintiff's injuries.

■ "When reviewing a [trial justice's] decision on a motion for judgment as a matter of law, this Court[, like the trial justice,] views the evidence in the light most favorable to the nonmoving party and, without weighing the evidence or assessing the credibility of the witnesses, draws all reasonable and legitimate inferences therefrom in the nonmoving party's favor." *McLaughlin v. Moura*, 754 A.2d 95, 98 (R.I.2000) (per curiam) (citing *Skaling v. Aetna Insurance Co.*, 742 A.2d 282, 287 (R.I.1999)).

The record before us discloses that the plaintiff's expert, L. Robert Smith, opined that the unattached and movable stairs were in violation of the building code in effect at the time of their construction because, to provide safe ingress and egress as required by the building code, the stairs "should have been *either* fixed *or* of a weight of sufficient magnitude to prevent their easy movement." (Emphasis added.) He noted that to be of a sufficient weight, the stairs should have weighed approximately 120 pounds rather than the 40 pounds that they did weigh. He also remarked that the elevated platform was in violation of the building code because it lacked any type of stair or step. After observing that both the elevated platform and stair were of a similar height, that the distance between the two was the equivalent of a normal stride for most people, and that it was awkward to step down from the elevated platform in order to then climb up the stairs, he opined that it would not be unreasonable for a person to step across from the elevated platform to the top step of the stairs.

After reviewing the evidence in the light most favorable to the plaintiff, the trial justice determined that the stairs were intended to be moveable. He found that both the scuff marks and the testimony from the defendant's witnesses provided evidence that the stairs indeed had been moved from left to right. He determined that a reasonable inference could be drawn that the marks had been caused by someone stepping from the elevated platform to the top or bottom step of the stairs, causing the stairs to slide and mark the floor. He then considered Smith's expert opinion that for the stairs to be safe, they either should have been affixed or been much heavier. He concluded that:

"I think this is purely a question of fact as to whether or not, is that a reasonable anticipated use of the stairs? The defendant knew, or in the exercise of due care ought to have known, that one stepping from the platform to the stairs was in danger of having those stairs move out from under them. That was an action created by the defendant, if found to be the proximate cause of the accident, the defective manner in which the premises were maintained ."

In view of the fact that the trial justice was obligated to view all the evidence in the light most favorable to the plaintiff, without weighing the evidence or assessing the credibility of the witnesses, and to draw all reasonable and legitimate inferences therefrom in the plaintiff's favor, we cannot say that the trial justice erred in denying the defendant's motion.

Finally, the defendant asserts that the trial justice erred in reapportioning the liability of each of the parties. The defendant contends that in doing so, the trial justice substituted his own judgment for that of the jury and asserts that there was ample credible evidence in the record to support the jury's finding that the plaintiff was 80 percent negligent and the defendant was 20 percent negligent. The defendant asserts that the jury properly determined the comparative negligence of each

party and that after apportioning comparative fault, its award to the plaintiff of $34,542.42, plus interest and costs, was proper.

■ After reviewing all the trial evidence, the trial justice found that, in his judgment, the apportionment of negligence by the jury did not respond correctly to the credible testimony on liability. He specifically found the plaintiff's testimony to be credible, and that it "was reasonably foreseeable that one would step from the [elevated platform] to the top step of the movable stairway." Nevertheless, he stated that:

"in the totality of the circumstances here, it was unreasonable and unforeseeable that one, in making that step, would be so loaded with equipment that the doctrine of comparative negligence must apply to this plaintiff."

He found that the owner of the business had superior knowledge of the premises and that he had created a hazardous condition in failing to either affix the stairs or ensure that they were of sufficient weight to prevent them from moving. He noted that even if no one previously had been seriously injured because of the stairs, nonetheless, "the condition of the stairs served as a warning to the property owner that those stairs should not be maintained in the fashion that they had been for some 20 years[,]" and that "any reasonable person looking at the floor in the broad light of daylight would be able to see evidence of * * * movement." The trial justice then changed the jury's determination of the comparative negligence of the parties "to respond to the evidence before the jury" by ascribing 60 percent of that negligence to the defendant and 40 percent to the plaintiff.

■ "With regard to [a] trial justice's reversal of the jury's apportionment of liability, this [C]ourt has specifically approved the use of remittiturs and additurs 'not only to reassess an erroneous damage award but also to correct a jury's misapportionment of liability as it may relate to

comparative negligence.'" *Gardiner v. Schobel*, 521 A.2d 1011, 1015 (R.I.1987) (quoting *Cotrona v. Johnson & Wales College*, 501 A.2d 728, 734 (R.I.1985)). "The use of these techniques 'will afford trial justices a means of avoiding unnecessary relitigation of the same issues and will afford litigants just and speedier resolutions * * *.'" *Id.* "[B]efore granting a new trial on damages, a trial justice is required to allow the nonmoving party an opportunity to assent to an additur." *Allen v. Skelding*, 634 A.2d 859, 861 (R.I. 1993). That, however, was not done in this case.

After a careful review, we are convinced that the trial justice properly analyzed the evidence and weighed the credibility of the witnesses, and that his findings were substantiated by the record before us. For the foregoing reasons, the defendant's appeal is denied, the judgment appealed from is affirmed. The case is remanded to the Superior Court for a new trial on the issue of the apportionment of comparative liability only, unless the defendant, within thirty days subsequent to the filing of this opinion, accepts the additur occasioned by the trial justice's reapportionment of the comparative negligence of the parties. *See Gardiner*, 521 A.2d at 1015–16.