**Christine D. CONANT, et al.**

v.

**Nicholas L. ZERVA.**

**No. 2000–438–Appeal.**

Supreme Court of Rhode Island.

March 15, 2002.

Raymond A. Lafazia, Providence.

David B. Willis, Providence.

**O R D E R**

In this negligence action, the plaintiffs, Christine D. Conant (Christine) and Eugene R. Conant (Eugene) (collectively, the plaintiffs), appeal from the denial of their motions for an additur or, in the alternative, for a new trial. They contend that, in light of the record evidence, the jury award for damages to Christine was inadequate and Eugene should have been awarded damages for loss of consortium.

On November 17, 1994, Christine and the defendant, Nicholas L. Zerva (Nicholas), were involved in a minor automobile collision in which Christine sustained neck and back injuries. Christine subsequently filed the instant negligence action against Nicholas. Following a trial, the jury returned a verdict, finding Nicholas to be 90 percent at fault and Christine to be 10 percent at fault. The jury assessed total damages for Christine in the amount of $2,634.09 and, after apportioning the comparative negligence of the parties, Christine was awarded a total of $2370.68 plus interest. The jury rejected the claims for loss of consortium by Nicholas and for loss of parental society and companionship by the couple's two minor children.

The plaintiffs moved for a new trial and/or an additur on the issue of damages only. Christine asserted that the amount and apportionment of Christine's damages were against the weight and credibility of the evidence. Eugene maintained "that the jury should have awarded at least nominal damages on the derivative actions, particularly [for his claim]." After hearing the motions, the trial justice granted Christine's motion for an additur to correct the jury's misapportionment of liability as it related to the comparative negligence of the parties by determining that Nicholas was 100 percent negligent.[1] However, she denied the plaintiffs' other motions. The plaintiffs now appeal.[2]

1. The comparative negligence of the parties is not before us on appeal.

2. Only Christine and Eugene filed appeals to this Court; consequently, the derivative claims of the minor children are not before us.

After a prebriefing conference, the parties were directed to appear and show cause why the issues raised in this appeal should not summarily be decided. They did appear. We have considered their legal arguments and memoranda and conclude that cause has not been shown. Therefore, we proceed to summarily decide the appeal.

It is well settled that this Court "specifically approve[s] the use of remittiturs and additurs 'not only to reassess an erroneous damage award but also to correct a jury's misapportionment of liability as it may relate to comparative negligence.' " *Michalopoulos v. C & D Restaurant, Inc.*, 764 A.2d 121, 125 (R.I.2001) (per curiam) (quoting *Gardiner v. Schobel*, 521 A.2d 1011, 1015 (R.I.1987)). That is because "[t]he use of these techniques 'will afford trial justices a means of avoiding unnecessary relitigation of the same issues and will afford litigants just and speedier resolutions * * *.' " *Id.* "[A] damage award may be disregarded by the trial justice and a new trial granted only if the award shocks the conscience or indicates that the jury was influenced by passion or prejudice or if the award demonstrates that the jury proceeded from a clearly erroneous basis in assessing the fair amount of compensation to which a party is entitled." *Hayhurst v. LaFlamme*, 441 A.2d 544, 547 (R.I.1982). However, "if a trial justice cannot ascertain whether a particular item of damages was included in the jury verdict, the justice may not alter or amend the verdict by removing [or adding] that item." *Jolicoeur Furniture Co., Inc. v. Baldelli*, 653 A.2d 740, 754 (R.I.1995) (citing *Walker v. St. Laurent*, 103 R.I. 636, 639, 240 A.2d 414, 415 (1968)).

Christine asserts that the jury award for her lost wages and pain and suffering was unreasonable and against the weight of the evidence, and that the trial justice erred in denying her motion for an additur and/or a new trial on this issue. In support of this assertion, she maintains that the undisputed evidence demonstrates that her medical expenses were $2,354.68, and that after this amount was subtracted from the total damages award of $2,634.09, her award for lost wages and pain and suffering was only $279.41.

The record reveals that the jury interrogatories requested the jury to assess "the total damages sustained by plaintiff Christine Conant" during its deliberations. There were no provisions in the interrogatories permitting the jury to apportion the amount of damages, if any, that separately were attributable to medical expenses, lost wages, or pain and suffering. As a result, the trial justice properly refused to speculate as to "what percentage of [the] total damage award of $2,634.09 is attributable to medical expenses, to loss [*sic*] wages, or the pain and suffering." [3] Although the trial justice then acknowledged that she may have awarded additional damages to Christine, nevertheless, she could not "state that reasonable people could not have reached an award they did based on the evidence and their job in assessing the plaintiff's credibility with regard to pain and suffering."

Considering the foregoing, and in light of the record before us, we cannot say that the trial justice was clearly wrong in denying Christine's motion for a new trial

---

**3.** Although the plaintiffs baldly assert that $2,354.68 of the jury's damage award is directly attributable to Christine's undisputed medical expenses, there is nothing to indicate that the jury believed the validity of those expenses. In fact, the record suggests that some of the treatment that she received was unrelated to the injuries she sustained in the automobile collision.

and/or for an additur on the issue of damages.

Eugene contends that because Christine prevailed in her negligence action against Nicholas, at a minimum, the jury should have awarded nominal damages to Eugene for his loss of consortium. He maintains that the trial justice erred in not assessing such damages and/or in failing to grant him a new trial on this issue. This contention is without merit.

Although "[a] married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse" G.L.1956 § 9-1-419(a), that person necessarily first must prove that he or she actually did suffer a loss of consortium. *See Jameson v. Hawthorne*, 635 A.2d 1167, 1172-73 (R.I.1994). Eugene failed to do so. The record reveals that the jury rejected his claim for loss of consortium caused by Christine's injuries. Clearly, therefore, neither the jury nor the trial justice would have had the authority to award even "nominal damages" as a result. Consequently, the trial justice was not clearly wrong in failing to grant Eugene's motion for damages and/or a new trial on his loss of consortium claim.

For the foregoing reasons, the plaintiffs' appeals are denied and dismissed. The papers in this case are remanded to the Superior Court.