[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is the motion of Jane Cannata (Plaintiff) for a new trial and/or additur pursuant to Super. R. Civ. P. 59. Following a jury trial, a verdict was entered for the Plaintiff. Plaintiff then filed this timely motion for a new trial on the issue of liability and damages or, in the alternative, an additur. Additionally, Plaintiff filed a motion for costs pursuant to R.I. Gen. Laws 1956 § 9-22-5. John J. LaButti (Defendant) and John J. LaButti and Dorothy LaButti (collectively Defendants) object to the motions.
 FACTS AND TRAVEL
The Plaintiff brought a negligence action against the Defendants for damages caused by an automobile accident. The accident took place at approximately 8:30 a.m. on December 9, 1996, at the intersection of Smith Street and Fruit Hill Avenue in North Providence, Rhode Island. Defendant was driving on Fruit Hill Avenue with his mother, Dorothy LaButti, a passenger in the vehicle. Plaintiff was driving east on Smith Street. The Defendant, who had a flashing red stop light, entered the intersection to take a left onto Smith Street and collided with the Plaintiff's vehicle. The Defendant then backed his vehicle into the car behind him on Fruit Hill Avenue.
A jury returned a verdict in favor of the Plaintiff, finding Plaintiff to be 25% at fault and the Defendant 75% at fault and assessing damages in the amount of $40,000. After an apportionment of comparative negligence, Plaintiff was awarded $30,000, plus interest and costs. Thereafter, the Plaintiff filed this timely motion seeking a new trial on the issues of liability and damages or, in the alternative, an additur.
 STANDARD OF REVIEW
The role of a trial justice when reviewing a motion for a new trial is well settled in this jurisdiction. The trial justice, sitting as an extra juror, "must independently weigh, evaluate and assess the credibility of the trial witnesses and evidence."Graff v. Motta, 748 A.2d 249, 255 (R.I. 2000) (quotingMorrocco v. Piccardi, 713 A.2d 250, 253 (R.I. 1998)). The trial justice also may add to the evidence by drawing proper inferences. Barbarto v. Epstein, 97 R.I. 191, 193,196 A.2d 836, 837 (1964). "On a motion for a new trial on the ground of inadequacy of damages it is the duty of the trial justice to exercise his [or her] independent judgment on all the evidence material to the question of damages in the light of his [or her] charge to the jury, to weigh such evidence and to pass on the credibility of the witnesses." Fitzgerald v. Rendene,98 R.I. 239, 240, 201 A.2d 137, 138 (1964). See also Pictocco v.Harrington, 707 A.2d 692, 697 (R.I. 1998) (citation omitted).
Upon determining that the evidence is evenly balanced or is such that reasonable minds, in considering the same evidence could come to different conclusions, the trial justice must allow the verdict to stand, Graff, 748 A.2d at 255, even if the trial justice entertains some doubt as to its correctness. Marcotte v.Harrison, 443 A.2d 1225, 1232 (R.I. 1982). However, if after making an independent review of the evidence, the trial justice finds that the jury's verdict is against the fair preponderance of the evidence and fails to do substantial justice, the verdict must be set aside. Reccko v. Criss Cadillac Co., Inc.,610 A.2d 542, 545 (R.I. 1992) (citing Sarkisian v. New Paper, Inc.,512 A.2d 831, 835 (R.I. 1986)). Even though the trial justice "need not perform an exhaustive analysis of the evidence, he or she must refer with some specificity to the facts which prompted him or her to make the decision so that the reviewing court can determine whether error was committed." Reccko, 610 A.2d at 545
(citing Zarrella v. Robinson, 460 A.2d 415, 418 (1983)).
 REVIEW OF THE EVIDENCE
Plaintiff argues that the verdict as to comparative fault was contrary to the law and the manifest weight of the evidence. Plaintiff also argues that the verdict was not supported by any evidence. Defendant argues that there was neither error of law nor any other reason to grant a new trial.
At trial, on the issue of liability, the jury heard testimony from the Plaintiff, the Defendant, and an independent witness. The Plaintiff testified that she approached the intersection with caution and proceeded through the yellow flashing light without seeing Defendant's car. The Defendant testified that he stopped at the red flashing light and looked both ways before proceeding into the intersection to make a left-hand turn. Defendant testified that he did not see the Plaintiff's car until impact.
The witness testified that she was driving behind the Defendant and that the Defendant was driving fast on Fruit Hill Avenue. She said that when they reached the intersection at Smith Street, the Defendant did not stop despite having a red signal. She witnessed the collision; however, she could not say how fast the Plaintiff was traveling or if she had used caution at the intersection. She further testified that after the impact, the Defendant backed up into her car.
Upon review of the evidence presented at trial, passing upon both its weight and the credibility of the witnesses, this Court finds that the jury could reasonably arrive at various conclusions. Given the testimony of Plaintiff, Defendant and the independent witness, the jury's apportionment of negligence was an appropriate response to the evidence. Given the testimony, a comparative negligence charge was warranted and a finding of some negligence on the part of the Plaintiff was within the scope of what a jury could reasonably conclude. Plaintiff testified that she exercised caution. She did not see Defendant prior to the accident. Whether speed was a factor and/or whether caution was, in fact, exercised were, ultimately, questions for the jury. Their assessments responded to the merits of the case. Accordingly, Plaintiff's motion for a new trial on the issue of liability is denied.
 DAMAGES
Plaintiff next argues that the amount of the verdict was contrary to the law and the manifest weight of the evidence. Plaintiff also argues that the award is so inadequate that it shocks the conscience of the court.
"`On a motion for a new trial on the ground of inadequacy of damages it is the duty of the trial justice to exercise his [or her] independent judgment on all the evidence material to the question of damages in the light of his [or her] charge to the jury, to weigh such evidence and to pass on the credibility of the witnesses.'" Cicilline v. Ford Motor Credit Co.,751 A.2d 1278, 1279-80 (R.I. 2000) (quoting Fitzgerald v. Rendene,98 R.I. 239-40, 201 A.2d 137, 138 (1964)). If "the evidence is evenly balanced so that reasonable people could arrive at different results, the trial justice must deny the motion."Cicilline, 751 A.2d at 1280 (citing Carlin v. Parkview ServiceCo., 625 A.2d 212 (R.I. 1993)).
Plaintiff had a complicated medical history. There had been prior accidents, subsequent "events," and a compensation claim. Her injuries and damages were scattered and complex, not solely related to this accident. At one point in her deposition, Plaintiff testified that her neck felt no different after this accident than before.
Plaintiff had extensive medical treatment over a period of years and, as mentioned, several instances of arguable trauma both pre and post accident. At trial, there were varying expert opinions proffered as to her degree of disability resulting from the instant accident.
There was exhaustive testimony from Doctors Garrahan, Yakavonis, Pizzarello and Johnson. Each was compelling and articulate. There was extensive medical documentation from the aforementioned as well as from Doctors Malone, Harrington, McRae, Gelch, McLennan, Lucas and Farley, as well as numerous hospital and medical facility records.
There is no doubt that Plaintiff suffers from serious medical problems. There is equally no doubt that the aforementioned medical practitioners represent opinions spanning a wide spectrum as to the nature and extent of her disabilities, as well as the cause of same.
Accordingly, the evidence presented did not clearly reveal the extent of damage caused by this collision, and the jury returned a verdict which was "not against the fair weight of the evidence." Izen v. Winoker, 589 A.2d at 828-29 (R.I. 1991).The amount of damages awarded by the jury did not shock the conscience of this Court or indicate that the jury "proceeded from a clearly erroneous basis in awarding compensation. . . ."DiLone v. Anchor Glass Container Corp., 755 A.2d 818 (R.I. 2000). Therefore, Plaintiff's motion for a new trial on damages is denied.
The Plaintiff also moves the Court for an additur, arguing that the amount of the verdict is against the weight of the evidence and should be amended by the Court. It is well settled that the Rhode Island Supreme Court "specifically approves the use of remittiturs and additurs `not only to reassess an erroneous damage award but also to correct a jury's misapportionment of liability as it may relate to comparative negligence.'" Conantv. Zerva, 793 A.2d 1042, 1043 (R.I. 2002) (citing Michalopoulosv. C D Restaurant, Inc., 764 A.2d 121, 125 (R.I. 2001)). An additur may be granted if the trial justice finds "a demonstrable disparity between the jury's verdict and the damages sustained [such] that an additur [is] required in order to make the verdict truly responsive to the merits of the controversy and to achieve substantial justice between the parties." Silverio v. Sweetman,109 R.I. 527, 288 A.2d 265 (1972).
The award does not warrant granting of an additur. The jury verdict was responsive to the merits of the case and the evidence presented. Accordingly, the motion for additur is denied.
 COSTS
Plaintiff moves this Court for costs pursuant to Super. R. Civ. P. 54(d) and 54(e). "Costs shall be allowed as of course to the prevailing party as provided by statute and by these rules unless the court otherwise specifically directs." Super. R. Civ. P. 54(d). A prevailing party in a civil action is entitled to recover costs "except where otherwise specially provided, or as justice may require, in the discretion of the court." R.I. Gen. Laws § 9-22-5. "Costs are normally considered the expenses of suing another party, including filing fees and fees to serve process." Kotttis v. Cerilli, 612 A.2d 661, 669 (R.I. 1992). However, some "costs may not be recoverable notwithstanding a judgment in favor of the plaintiff." Chiaradio v. Falck,794 A.2d 494, 496 (2002). The payment of expert witness fees is not normally recoverable in an award of costs made pursuant to R.I. Gen. Laws § 9-22-5. Id. Additionally, "the allowance of deposition costs are discretionary with the court." Bielecki v.Boissel, 715 A.2d 571, 575 (R.I. 1998). If objected to, the costs for depositions are not allowed "unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at trial." Super. R. Civ. P. 54(e).
In her motion, Plaintiff submitted costs associated with litigation as well as expert witness fees and video depositions of expert witnesses. The costs associated with suing another party, such as filing fees, medical records, and depositions are proper and reasonable. Expert witness fees, however, are not normally considered an expense of suing another party. This Court finds that the expert witness fees and were not reasonably necessary. Accordingly, Plaintiff's motion for costs is granted, with the exception of those for expert witness fees.
 CONCLUSION
It must be noted that this case was an example of superb lawyering. Plaintiff's case could not have been presented in a more thorough, cogent or exhaustive manner. The conflicting testimony on the issue of liability and the extensive and complex medical circumstances and profile presented the finders of fact with a myriad of reasonable conclusions from which to draw, and they did so. The verdict responds to the merits, the evidence and the law.
For the aforementioned reasons, Plaintiff's Motion for New Trial and/or Additur is denied. Costs, with the exception of expert fees, are granted.